Theodore KOPPELMAN, Petitioner v.
COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 10733.

United States Court of Appeals
Third Circuit.

Argued Nov. 17, 1952.

Decided Dec. 1, 1952.

Monte Appel, Washington, D. C. (Blair, Körner, Doyle & Appel, Washington, D. C., on the brief), for appellant.

Joseph Goetten, Washington, D. C. (Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Carolyn R. Just, Sp. Assts. to Atty. Gen., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

In this family partnership case, the Tax Court rightly recognized that, as far as its validity for income tax purposes was concerned, it was governed by the rule of Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659. So tested the Court found that the agreement in which the trustees of the trust or trusts created by the petitioner were named as a partner was not made in good faith and with a business purpose with intent to carry on an enterprise in partnership with the trust or trusts. There is ample evidence in the record considered as a whole to justify that finding.

The decision of the Tax Court will be affirmed.

Leo WURTZBURGER, Appellant, v.
PLOUGH, Inc., Appellee.

No. 11475.

United States Court of Appeals
Sixth Circuit.

Nov. 6, 1952.

Taylor & Taylor, Memphis, Tenn. for appellant.

Canada, Russell & Turner, Memphis, Tenn. for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This cause was again heard on October 22, 1952, on oral argument in response to the application of appellant for the reason that his attorney had failed to receive notice shown by records in the Clerk's office to have been mailed to the attorneys that the cause would be heard on October 8, 1952, at which time only counsel for the appellee appeared; and, after considering the oral arguments earnestly advanced by appellant's attorney, this court being still of the opinion that this action for declaratory judgment does not present a justiciable controversy within the scope of the Declaratory Judgment Act. 28 U.S.C.A. §§ 2201, 2202. See Angell v. Schram, 6 Cir., 109 F.2d 380, opinion by Judge Hamilton; Cf. Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, adheres to its order of affirmance heretofore entered on October 14, 1952, 199 F.2d 957.