Harry DICKSTEIN

v.

Joseph T. McDONALD, Appellant
(two cases).

Sadie DICKSTEIN and Morris B. Gelb,
Executors of the Estate of Samuel
Dickstein,

v.

Joseph T. McDONALD, Appellant
(two cases).

Nos. 12524–12527.

United States Court of Appeals
Third Circuit.

Argued May 13, 1958.

Decided May 29, 1958.

Carolyn R. Just, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Jules G. Korner, 3d, Washington, D. C. (Ernest D. Preate, Scranton, Pa., Richard S. Doyle, Washington, D. C., Herman H. Krekstein, Philadelphia, Pa., Blair, Korner, Doyle & Worth, Washington, D. C., on the brief), for appellees.

Before MARIS, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

These are appeals by the defendant, a former collector of internal revenue, from judgments rendered by the district court in favor of the plaintiffs in suits brought against him to recover certain income taxes for the years 1944, 1945 and 1946 alleged to have been erroneously exacted by him. The basic question is whether the trustees of certain trusts created by the plaintiffs really and truly intended to join together with the plaintiffs and others in a business partnership and were entitled to recognition as such for income tax purposes. The district court held that the trustees were bona fide members of the partnership and entitled to tax recognition as such. 149 F.Supp. 580. We have examined the record and we cannot say that this finding was clearly erroneous. It must, therefore, stand. The Government urges, however, that the result is inconsistent with that reached in Koppelman v. Commissioner, 3 Cir., 1952, 199 F.2d 955; Id., 3 Cir., 1953, 202 F.2d 955, in which this court affirmed a decision of the Tax Court holding to the contrary in the case of the trustees of a trust created by another partner of the same partnership. There is no inconsistency here, however, since the respective trial courts made their fact findings on quite different records and in each case this court discovered no clear error in the finding upon considering the record upon which it was made. This is not to say that we would necessarily have made the same finding as did the trial court in each case, for fact finding is not our function.

The judgments of the district court will be affirmed.