Anna POGGETTO, Plaintiff,

v.

UNITED STATES of America, Defendant.

A. D. POGGETTO, Plaintiff

v.

UNITED STATES of America, Defendant.

Civ. Nos. 38910, 38911.

United States District Court
N. D. California, S. D.
April 24, 1961.

Laurence E. Dayton, U. S. Atty., Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for defendant.

Lewis & Foster, Richard H. Foster, San Francisco, Cal., for plaintiffs.

OLIVER J. CARTER, District Judge.

These actions were commenced by the plaintiffs, Anna Poggetto and A. D. Poggetto, to recover 1956 and 1957 Federal Income Taxes which were allegedly illegally assessed and collected, plus interest thereon. They have been consolidated for trial on plaintiffs' motions as they involve the same issues of law and fact. This Court has jurisdiction pursuant to Sections 1340 and 1346(a) (1) of Title 28 of the U.S.C.

Since 1941 the plaintiff, A. D. Poggetto, and certain selected employees of

Fruitvale Canning Company—a corporation controlled by the said Poggetto—have associated together in conducting a food brokerage business under the name of Fruitvale Canning Company Sales Division, a partnership, hereinafter referred to as the Sales Division, or the partnership. The Sales Division principally engaged in selling products packed by the Fruitvale Canning Company on a commission basis, and also made accommodation purchases for the customers of Fruitvale Canning Company to provide items which were in short supply, or which were not packed by that corporation.

From its inception to December, 1956, the Sales Division operated on a nominal capital of $500, which was contributed in varying amounts by its members. For the period commencing January 1, 1949, and ending December 17, 1956, the plaintiffs' daughter, Marian Poggetto, was a member of the Sales Division, having a capital account of $25. On December 17, 1956, however, an additional $5,000 was received and credited to Marian Poggetto as a capital contribution. Marian Poggetto also assumed liability for partnership debts. This agreement was intended to cover calendar year of 1956, although the agreement was not signed until December 17, 1956. This latter contribution increased the total capital of the Sales Division to $5,500.

At no time during the years in question did Marian Poggetto render any significant services to the Sales Division. She was not a working member of the partnership.

Marian Poggetto reported $12,000 and $11,000 as her share of the profits from the Sales Division on separate returns filed by her for 1956 and 1957, respectively. Upon audit of the returns for the plaintiffs, the Internal Revenue Service added to plaintiffs' income the share of profits purportedly earned by their daughter, Marian Poggetto, by reason of her membership in the Sales Division. The Internal Revenue Service also determined that Marian Poggetto's taxes were over-assessed for 1956 and 1957 by reason of the redistribution of her purported share of Sales Division income to her parents.

The deficiencies in tax resulting from the foregoing adjustments to plaintiffs' income, and interest thereon, were duly paid, and thereafter timely claims for refund were filed alleging generally the following ground for refund, namely, that the increase in plaintiffs' partnership income due to nonrecognition of Marian Poggetto as a partner in the Sales Division was improper. When more than six months had elapsed after the filing of the foregoing claims for refund, these suits were filed. The Commissioner of Internal Revenue denied each of the foregoing refund claims in full by registered letters dated March 16, 1960.

The question this Court has to resolve is whether or not the Sales Division constituted a partnership, and, more specifically, whether Marian Poggetto was a valid partner.

The main contention of the Government is that Marian Poggetto's capital investment was not "a material income-producing factor" within the meaning of § 704(e) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 704(e) (1). Section 704(e) contains the sections covering the so-called family partnership area of tax law.

■■ Two basic tax principles underlie this enactment, namely, that income from property is attributable to the owner of the property, and that income from personal services is attributable to the person rendering the services. These principles are equally applicable to non-family as well as family arrangements, however, the problem has arisen primarily in the area of close family business organizations, usually partnerships. The so-called family partnership problem appears in partnerships not composed exclusively of family members, and in this sense the term "family partnership" may be a misnomer. For example, the partnership under consideration herein is clearly dominated by the Poggetto fam-

ily, but, nevertheless, it is just as clear that several members of the partnership are not related to the Poggetto family. However, the so-called family partnership provisions of the Internal Revenue Code are applicable.

This Court deems it unnecessary to determine the bona fides of this partnership as a whole, but rather, confines its determination to the validity of Marian Poggetto's partnership interest; and, assuming Marian Poggetto's interest is disallowed, whether the income attributed to her should be reallocated to Mr. and Mrs. Poggetto.

■ As stated in Stanback v. C. I. R., 4 Cir., 1959, 271 F.2d 514, 518:

"* * * Where capital is a material income producing factor, earnings of the family partnership are to be attributed by the Commissioner, after reasonable allowance for personal services of active partners, to the owners of the capital in the proportions of their capital interests. Inquiry is directed to the fact of ownership. When that is established,[15] recognition of the owner as a partner follows, but recognition of the partnership agreement as controlling does not follow. * * *"

Footnote 15 states:

"A different result would follow, if the capital, or the additional capital, was clearly unnecessary to the business of the partnership."

■ The footnote highlights the problem here. Capital was not an income-producing factor, and therefore Marian Poggetto was not entitled to participate in partnership profits merely by reason of her contribution to capital.

Section 704(e) (1) of the Internal Revenue Code of 1954 provides that:

"A person shall be recognized as a partner for purposes of this subtitle if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person."

And Regulation § 1.704—1(iv) provides that:

"Capital as a material income-producing factor. For purposes of section 704(e) (1), the determination as to whether capital is a material income-producing factor must be made by reference to all the facts of each case. Capital is a material income-producing factor if a substantial portion of the gross income of the business is attributable to the employment of capital in the business conducted by the partnership. In general, capital is not a material income-producing factor where the income of the business consists principally of fees, commissions, or other compensation for personal services performed by members or employees of the partnership. On the other hand, capital is ordinarily a material income-producing factor if the operation of the business requires substantial inventories or a substantial investment in plant, machinery, or other equipment."

Section 704(e) of the Internal Revenue Code of 1954 is derived from §§ 191 and 3797(a) (2) which were added to the 1939 Code by amendment thereto in 1951, 26 U.S.C.A. §§ 191, 3797(a) (2).

The 1951 amendments were deemed necessary as a result of the United States Supreme Court decisions in C. I. R. v. Tower, 1946, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135, and C. I. R. v. Culbertson, 1949, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659. See House Report No. 586, 82nd Cong. 1st Session, U.S.Code and Cong.News 1951, p. 1781, at page 1813.

The apposite language added by the 1951 Amendment and carried forward into the 1954 Code is:

"A person shall be recognized as a partner for purposes of this subtitle if he owns a capital interest in a partnership in which capital is a material income-producing factor, * * *"

The requirement that a capital partnership interest must be in a partnership in which capital was an income-producing factor was added to permit gifts of capital partnership interests where the donee performed no services for the partnership. The limitation that capital must be an income-producing factor was inserted to prevent, among other things, the income-producer of a family from transferring a part of his earnings through the device of gifts of capital partnership interests to other family members who perform no services for the partnership, where the partnership is a personal services business.

Marian Poggetto invested an additional capital contribution of $5,000 over and above the $25 she previously invested in the partnership, and she agreed to indemnify the other partners for any losses that might occur during the tax years in question.

As to the money investment, there has been no demonstration made that such was necessary nor that it served any purpose. The partnership had functioned since 1941 with a minimum of cash investment from the various partners. No showing has been made that this additional sum affected the partnership operation in any phase whatsoever. The partnership was basically and substantially a personal services partnership without capital investment for inventories or fixtures. The framework of success centered around A. D. Poggetto. The investment by Marian Poggetto was wholly without benefit to the income-producing capacity of the partnership and was, therefore, immaterial as far as an income-producing factor is concerned.

The indemnification agreement which was included in the partnership agreement does not alter this conclusion. The agreement ran to the partners only and did not affect the public credit or reputation of this partnership. Under an appropriate set of facts it may be considered as a factor in determining whether

capital is a material income-producing factor or that a particular partner is in fact a bona fide partner for tax purposes, but it does not lend weight in the context of this case. Cf. Dyer v. C. I. R., 2 Cir., 1954, 211 F.2d 500.

The second problem that is present herein is whether the Commissioner's reallocation of income from Marian Poggetto to the senior Poggettos is correct. The answer is affirmative.

The partnership agreement provided that:

"The profits shall be distributed as and when earned and received by the partnership after allowing such reserve for expenses and contingencies, etc. as First Party, in his discretion as manager of the partnership, may consider proper business practice or advantageous or advisable. However, under any and all conditions Marian D. Poggetto is to receive six (6%) percent of the net profits of the said partnership; and *the remainder of said profits shall be distributed to the remaining partners on the basis of their contribution in services and earnings to said partnership as determined by the First Party.*" (Emphasis added.)

The "First Party" is A. D. Poggetto who made the decision as to distribution of partnership income as to the working members of the partnership without limitation or direction. The important factor here is that A. D. Poggetto had the power and exercised the control of this income and elected to move it into the family circle. The Commissioner's "ruling has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong." Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212.

Judgment is awarded to the defendant, and counsel for the defendant is directed to prepare and present findings, conclusions and a judgment in accordance herewith.