Anna POGGETTO and A. D. Poggetto, Appellants,

v.

UNITED STATES of America, Appellee.

No. 17674.

United States Court of Appeals Ninth Circuit.

July 30, 1962.

Lewis & Foster, John V. Lewis, and Richard H. Foster, San Francisco, Cal., for appellants.

John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, and William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., and Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before ORR, HAMLEY and HAMLIN, Circuit Judges.

ORR, Circuit Judge.

Appellants seek to recover federal income taxes paid for the calendar years 1956 and 1957, on the ground that $23,000.00 which had been received and reported as income by their daughter Marian Poggetto, was improperly attributed to appellant A. D. Poggetto. Under state community property law each appellant, A. D. Poggetto and his wife, Anna, was taxed by the Commissioner of

Internal Revenue on fifty per cent of the above amount. The trial court held that the Commissioner was correct. The question presented is whether Marian Poggetto should be considered a member of a so-called "family partnership" for income tax purposes.

Appellant A. D. Poggetto, a dominant figure in a corporation known as the Fruitvale Canning Company (hereinafter the Company), conceived the idea of forming a partnership for the principal purpose of selling the canned products of the Company. In 1941, appellant A. D. Poggetto and certain employees of the Company formed a partnership known as the Fruitvale Canning Company Sales Division (hereinafter the Sales Division). The Sales Division was organized to give the employees an interest in the business and an incentive to sell the products of the Company as well as to avoid the risks inherent in the canning and packing operation of the Company.

The Sales Division principally engaged in selling products packed by the Company on a commission basis; it also made accommodation purchases for the customers of the Company in order to provide items which were in short supply or which were not packed by that corporation. For the taxable years in question, 1956 and 1957, the commissions received from the Company made up the vast majority of the Sales Division's gross income. The offices of the Sales Division were located on the premises of the Company, and it utilized the facilities of that corporation in return for a service fee which was paid at the end of each year.

From its inception in 1941 until December 17, 1956, the Sales Division operated on capital of $500.00 which was contributed in varying amounts by its members. Commencing on January 1, 1949, the appellants' daughter, Marian Poggetto, was treated as a member of the Sales Division, having contributed $25.00 to its capital. For the years immediately prior to 1956, the Sales Division was governed by a written partnership agreement which invested in the appellant A.

D. Poggetto the authority to decide the distribution of partnership income without limitation or direction and which also provided that the members of the Sales Division would share losses in proportion to their respective investments.

In 1956, the appellant A. D. Poggetto requested his attorney to prepare a new partnership agreement for the Sales Division because he had heard that the interests of his daughter, Marian Poggetto, could be challenged by the Internal Revenue Service under the agreement existing at that time.

The new partnership agreement, although executed on or about December 17, 1956, was intended to cover the entire year 1956 and subsequent years until amended, and was dated January 1, 1956. Under this agreement appellants' daughter, Marian Poggetto, agreed to assume responsibility for all partnership losses which might be incurred and to contribute an additional $5,000.00 to the capital of the Sales Division. The agreement also provided that she was to receive six per cent of the partnership profits under any and all circumstances. Except in this latter respect, the new agreement did not alter the authority of the appellant A. D. Poggetto to decide, without limitation and in his sole discretion, the distribution of the Sales Division's income.

At no time during the taxable years in question did appellants' daughter, Marian Poggetto, render any personal services to or on behalf of the Sales Division; she was not a working member of the partnership.

The Sales Division conducted a profitable business for several years and in 1956 and 1957 distributed profits to the several partners. Marian Poggetto received $12,000.00 in 1956 and $11,000.00 in 1957 from the Sales Division and reported this on her income tax returns for said years and paid the tax due thereon. However, the Commissioner, after an audit, determined that the above stated amounts reported by Marian Poggetto should be attributed to the appellants, A.

D. Poggetto and his wife, since they represented a part of their community income, not Marian's. The appellants paid the additional income taxes, sued for refunds, and were denied the relief sought.

■ The general principle in determining liability for income taxes is that income from property is attributable to the owner of the property, and income from personal services is attributable to the person rendering the services. It is conceded that Marian Poggetto rendered no personal services to or on behalf of the Sales Division; her claim to being a member of the partnership for income tax purposes is based upon her contribution of capital.

■ In denying relief the trial court held that Marian Poggetto was not a member of the partnership for federal income tax purposes within the meaning of § 704(e) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 704(e) (1), which provides that:

"A person shall be recognized as a partner for purposes of this subtitle if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person."

The trial court found that capital was not a material income-producing factor. Our consideration of the record convinces us that this finding is not "clearly erroneous."

That capital was not a material income-producing factor is made clear from the history of the Sales Division's activities. The Sales Division was primarily organized to sell the canned goods of the Company and receive a commission for doing so. During the taxable years in question its principal source of revenue was from brokerage commissions, although it did receive income from sale of canned goods which it kept on hand. See Treasury Regulations § 1.704–1(e) (1) (iv), issued under the Internal Revenue Code of 1954. That the Sales Division did not require substantial capital is also shown by the fact that from its inception in 1941 until 1956, it operated on capital of only $500.00.

It is also interesting to note that Marian contributed her $5,000.00 to the capital of the Sales Division only four days after she had received $12,000.00 as her share of the partnership income for 1956. If the Sales Division had needed her $5,000.00, it could have withheld this amount from the $12,000.00 given her previously. Her capital contribution was not made to meet the needs of or to benefit the Sales Division, but was merely a part of appellants' efforts to have Marian considered a member of the partnership for income tax purposes. Cf. Sparks v. Commissioner, 238 F.2d 845, 849 (7th Cir. 1956). Since her investment was without benefit to the income-producing capacity of the Sales Division, it was immaterial as an income-producing factor.

■ Marian cannot be ignored as a partner in the Sales Division simply because appellants have failed to satisfy the objective standards of § 704(e) (1). In order to disregard Marian as a partner for income tax purposes, it must also appear that the parties did not in good faith intend to join together as partners. Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659 (1949); Parker v. Westover, 221 F.2d 603 (9th Cir. 1955); Lannan v. Kelm, 221 F.2d 725 (8th Cir. 1955); Snyder v. Westover, 217 F.2d 928 (9th Cir. 1954). The test, as laid down in Culbertson, is:

"* * * whether, considering all the facts—the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." 337 U.S. at 742, 69 S.Ct. at 1214.

The trial court found that "None of the active, working members of the Fruitvale Canning Company Sales Division intended to or did, in fact, join with plaintiffs' daughter, Marian Poggetto, in the conduct of any trade or business. The purported acceptance of Marian Poggetto as a partner in the business was a sham in that she contributed nothing which was of benefit to or furthered the legitimate business purposes and objectives of said partnership or the other members thereof." This finding meets the subjective test laid down in Culbertson and is substantially supported by the record. See Spiesman v. Commissioner, 260 F.2d 940 (9th Cir. 1958); Dickstein v. McDonald, 255 F.2d 640 (3rd Cir. 1958).

Appellants urge that Marian should be recognized as a partner because of her guarantee to save the partnership against loss and cite in support thereof Dyer v. Commissioner, 211 F.2d 500 (2d Cir. 1954). In Dyer, when the questioned family members became legally obligated to indemnify the partnership for a portion of any losses, "a real and substantial risk of loss existed." 211 F. 2d at 504. Also, "the heart of the specific joint venture was the taking of risk of loss in which the women shared * * *" 211 F.2d at 505–506. In the instant case, on the other hand, there did not exist a substantial risk of loss when Marian entered into the indemnification agreement. The Sales Division was protected against any real threat of loss because of its favored position with the Company and the fact that its profits consisted primarily of commissions on the sale of goods canned by the Company. That this indemnification agreement was without substance, as the trial court found, becomes apparent in light of the fact that the reason for the creation of the Sales Division was to enable the employees of the Company to obtain an interest in the business without having to take any risk.

Furthermore, the Second Circuit in Dyer reversed the Tax Court primarily on the basis that there had been no explicit finding of lack of good faith in entering the partnership. Dyer v. Commissioner, supra, at 506. On remand, the Tax Court, reconsidering all the evidence, found as a fact that none of the questioned partners "in good faith and acting with a business purpose intended to join in the present conduct of the enterprise in question." Ruth W. Dyer, Par. 54,134 P–H Memo TC. This was affirmed per curiam. Dyer v. Commissioner, 233 F.2d 175 (2d Cir. 1956). Viewing the history of the Dyer case and following the admonition of Culbertson to the effect that all facts should be considered, we are unable to say that the risk assumed by Marian in the instant case compels the conclusion that she should be considered a partner.

The appellants also urge that the finding of the trial court is inconsistent with Pike v. United States, 231 F.2d 688 (9th Cir. 1956). In Pike, this court found a business purpose where stockholders of a corporation became members of a partnership engaged in a parallel business when they used the same equipment and substantial portions of the time of the corporate executives. The Court in Pike also found that contributions of capital to the partnership were of substantial importance. In the instant case capital was of minor importance to the Sales Division and was not a material income-producing factor. Here no valid business purpose existed when the Company allowed the Sales Division the use of its facilities for which it was reimbursed.

Affirmed.