Allen PFLUGRADT and Ethel Pflugradt, his wife, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

John Roggenbauer MOELLER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

James W. PFLUGRADT and Lillian Pflugradt, his wife, Plaintiffs-Appellants.

v.

UNITED STATES of America, Defendant-Appellee.

Jane WOLFE, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 13761–13764.

United States Court of Appeals Seventh Circuit.

Dec. 4, 1962.

Thomas F. Carroll, Richard H. Lauritzen, Milwaukee, Wis., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Arthur E. Strout, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C.

James B. Brennan, U. S. Atty., Milwaukee, Wis., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

These four proceedings are before us on appeals by taxpayers for review of a

judgment of the district court dismissing their respective suits for refunds of taxes paid pursuant to deficiency assessments.[1]

The basis for the deficiency assessments was the Commissioner's determination that certain minor children were not the owners of limited partnership interests under Int.Rev.Code of 1954, § 704(e), enacted in 1951.[2] The Commissioner ruled that the income from such interests was taxable to taxpayers, who were the purported transferors, rather than the children.

The deficiency assessments were for the taxable years 1956, 1957 and 1958.

In January, 1945, Allen G. Pflugradt, Ethel M. Pflugradt, Isolde M. Posluszny and Andrew J. Malloy organized a limited partnership known as Pflugradt Construction Company, Ltd. This was done pursuant to Chapter 102 of the Wisconsin Statutes. The limited partnership engaged in the business of contracting and installing heating, ventilating, air conditioning and plumbing equipment. The partnership was one in which capital was a material income producing factor.

At the time of its formation, Allen G. Pflugradt was the sole general partner, and the other three were limited partners. On six separate occasions prior to May, 1956, the partnership certificate was amended to provide for the admission of additional limited partners and the withdrawal of other partners. The certificate of partnership and amendments thereto were duly executed and filed with the proper authorities.

The partnership certificate at all times provided that the general partner would have sole control of the business, sole authority to determine the time and amount of profit distributions and sole discretion to approve the admission or removal of limited partners. Removal, however, was subject to the return of the limited partner's capital contribution and undistributed share of profits.

In 1945, James W. Pflugradt was admitted as a limited partner. In 1946, Joan Pflugradt (also referred to as Joan Pflugradt Moeller and Joan Roggenbauer Moeller) was admitted as a limited partner. The amendment to the partnership certificate in each case was signed by Allen G. Pflugradt, as trustee for James W. and for Joan. No instrument of trust was executed at any time. At the time of their admission into the partnership, James W. and Joan were 20 and 16 years of age, and were children of Allen G. Pflugradt.

Subsequent to acquisition by James W. and Joan of their interests, internal revenue agents examined such acquisition. No change was made by the Commissioner in allocation of partnership income, and the partnership was advised that the Commissioner was accepting the partnership returns as filed.

As of June 30, 1955, the partnership consisted of Allen G. Pflugradt, the general partner; Ethel Pflugradt, his wife; Allen G. Pflugradt as "trustee" for Joan

---

1. The appellants (taxpayers) in the four proceedings are Allen Pflugradt and Ethel Pflugradt, his wife, in No. 13761; Joan Roggenbauer Moeller in No. 13762; James W. Pflugradt and Lillian Pflugradt, his wife, in No. 13763; and Jane Wolfe in No. 13764.

2. Int.Rev.Code of 1954, § 704(e) provides:
"(1) Recognition of interest created by purchase or gift.—A person shall be recognized as a partner for purposes of this subtitle if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person.

"(2) Distributive share of donee includible in gross income.—In the case of any partnership interest created by gift, the distributive share of the donee under the partnership agreement shall be includible in his gross income * * *.

"(3) Purchase of interest by member of family.—For purposes of this section, an interest purchased by one member of a family from another shall be considered to be created by gift from the seller, and the fair market value of the purchased interest shall be considered to be donated capital. The 'family' of any individual shall include only his spouse, ancestors, and lineal descendants, and any trusts for the primary benefit of such persons."

Roggenbauer Moeller, the daughter of Allen G. and Ethel Pflugradt; James W. Pflugradt, the son of Allen G. and Ethel Pflugradt; and Jane Wolfe, the mother of Ethel Pflugradt. In addition, there were six non-family members at that time.

On July 1, 1955, the partnership certificate was amended to admit the following minors as limited partners: Victoria Lee Pflugradt and Rick A. Pflugradt, the daughter and son of James W. Pflugradt; and Terry Ann Roggenbauer and Scott A. Roggenbauer, the daughter and son of Joan Roggenbauer Moeller. The ages of these four children at the time they acquired their alleged partnership interests ranged from one to three and one-half years. The necessary amendment of the partnership certificate was executed by James W. and Joan on behalf of their respective minor children. Each child allegedly acquired an eight per cent interest.

Notes were taken by taxpayers in "payment" of the purchase price of the partnership interests. It is not shown how these notes were executed by such infants. These notes were paid by application of savings accounts of the four children and by application of earnings distributed by the partnership on account of their interests. The funds in the savings accounts were originally supplied by gifts from the children's parents and grandparents.

During the taxable years in question, each child was credited with a distributive share of the partnership earnings in proportion to his or her capital account. Cash withdrawals were made from time to time on behalf of the children by their parents and were used for payment of school tuition, vacation travel, dancing lessons, state and federal taxes and payment on their notes. The excess of cash withdrawals over these payments was placed in the children's savings accounts. Ledger accounts were kept to accurately reflect the transactions involving each child's interest, and partnership books of account were maintained during all the years involved.

The Commissioner determined and the court below found that there had not been a bona fide absolute transfer of a partnership interest to each of the four minor children. The Commissioner's reallocation to taxpayers of partnership income reported by the children was accordingly upheld.

The question before us is whether there was a bona fide transfer of partnership interests to the minor children so that the distributive share of profits acquired by each child should be taxed to the child.

■ There is no dispute as to the facts. The parties entered into a stipulation which the district court adopted as its findings of fact. The brief testimony of Allen G. Pflugradt is not in dispute. Under such circumstances, the strictures of Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. do not apply. Around The World Shoppers Club v. United States, 3 Cir., 309 F.2d 324 (1962); Sochurek v. C. I. R., 7 Cir., 300 F.2d 34, 37 (1962) and cases there cited; Patterson v. Belcher, 5 Cir., 302 F.2d 289, 292 (1962); contra, Austin v. C. I. R., 2 Cir., 298 F.2d 583 (1962). The ultimate finding by the district court that there were no bona fide transfers is thus fully reviewable.

■ Int.Rev.Code of 1954, § 704(e) (1) commands that these minor children are to be recognized as partners if they own a capital interest in the partnership. The test is no longer whether the parties acted in good faith with a business purpose in joining together to conduct the partnership business. This was the test set forth in Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659 (1949), which was decided before present § 704(e) (1) was a part of the Code.

The committee report accompanying H.R. 4473 which became § 704(e) (1) states: "If the ownership is real, it does not matter what motivated the transfer to him [the owner] or whether the business benefited from the entrance of the new partner." H.R.Rep.No.586, 2 U.S.

**416**

Code, Congressional and Administrative Service, 82d Cong., 1st Sess. p. 1814 (1951). The emphasis has shifted from "business purpose" to "ownership of a capital interest." See Spiesman v. Commissioner of Internal Revenue, 9 Cir., 260 F.2d 940, 947–948 (1958).

■■ To be recognized for tax purposes, a transfer of a partnership interest must vest dominion and control in the transferee. Whether or not the transferee has dominion and control is to be determined from all the surrounding facts and circumstances. Treas.Reg. § 1.704-1(e) (1) (iii) (1954 Code).[3] The control of which the regulation speaks is the transferee's participation in the partnership activities in accordance with his interest in the property. It includes not only control with respect to the partnership business, which in this case is non-existent because the general partner had sole control of the business, but also control of the interest as a property right.

■ The regulations further provide, and we agree, that unless a minor is competent to manage his own property he will generally not be recognized as a member of a partnership unless a fiduciary is appointed to manage the interest for the sole benefit of the minor. Treas.Reg. § 1.704–1(e) (2) (viii) (1954 Code).[4]

One of the persuasive factors in the transaction under review is the ages of the minor children at the time of the purported transfer. The district court appropriately stated: " * * * [I]t is obvious that the four children, aged one to three and one-half years, did not have sufficient maturity or competence to manage their own property interests, and that their interests were subject to the control and supervision of the plaintiffs in these actions."

It was stipulated that no trustee or fiduciary subject to judicial supervision was appointed to supervise the interests of the minors until 1959, subsequent to the years involved herein. The fact that the parents felt free to use the minor children's funds for items of support is illustrative of the control retained by taxpayers over the purported interests

---

3. This portion of the regulation reads as follows:

"(iii) Requirement of complete transfer to donee. A donee or purchaser of a capital interest in a partnership is not recognized as a partner under the principles of section 704(e) (1) unless such interest is acquired in a bona fide transaction, not a mere sham for tax avoidance or evasion purposes, and the donee or purchaser is the real owner of such interest. To be recognized, a transfer must vest dominion and control of the partnership interest in the transferee. The existence of such dominion and control in the donee is to be determined from all the facts and circumstances. A transfer is not recognized if the transferor retains such incidents of ownership that the transferee has not acquired full and complete ownership of the partnership interest. Transactions between members of a family will be closely scrutinized, and the circumstances, not only at the time of the purported transfer but also during the periods preceding and following it, will be taken into consideration in determining the bona fides or lack of bona fides of the purported gift or sale. * * *"

4. This portion of the regulation reads as follows:

"(viii) Interests (not held in trust) of minor children. Except where a minor child is shown to be competent to manage his own property and participate in the partnership activities in accordance with his interest in the property, a minor child generally will not be recognized as a member of a partnership unless control of the property is exercised by another person as fiduciary for the sole benefit of the child, and unless there is such judicial supervision of the conduct of the fiduciary as is required by law. The use of the child's property or income for support for which a parent is legally responsible will be considered a use for the parent's benefit. 'Judicial supervision of the conduct of the fiduciary' includes filing of such accountings and reports as are required by law of the fiduciary who participates in the affairs of the partnership on behalf of the minor. A minor child will be considered as competent to manage his own property if he actually has sufficient maturity and experience to be treated by disinterested persons as competent to enter business

of the children. McKay v. Commissioner, 34 T.C. 1080 (1960); Rivers v. Commissioner, 33 T.C. 935 (1960).

■ The fact that the transfers involved may be complete and binding under state law is not determinative for tax purposes. As the court below stated: "The bona fides of the purported ownership is not shown simply by the fact that legally sufficient documents of transfer have been executed or by any other formal or specific test but rather by considering all the facts and circumstances taken as a whole."

Taxpayers seek to bolster their contention that there was a bona fide transfer to the four minor children by comparing these transfers to the transfers made in 1945 and 1946 to James W. and Joan Pflugradt, which were not questioned by the Commissioner. The transactions are not analogous. In the first place, the amendment to the partnership certificate at that time was signed by Allen G. Pflugradt as "trustee" for James W. and Joan. Secondly, James W. and Joan were old enough at the time of their respective acquisitions so that it is conceivable that they could have managed their interests properly.

As the district court stated: "Plaintiffs' [taxpayers'] intent to create bona fide partnership interests for the four children of James and Joan could be shown only by the manner in which these interests were maintained [during the taxable years in question] and not by the manner in which the interests of James and Joan were maintained in 1946 and 1949."

■ Because of the ages of the four minor children at the time of the transfers, the lack of a fiduciary, and the invasion of the children's funds by their parents to pay items of support, we conclude that the district court was correct in determining that the four minor children were not the owners of a capital interest in the partnership.

dealings and otherwise to conduct his affairs on a basis of equality with adult

We are compelled to conclude, as did the district court that under the facts of this case there was no bona fide absolute transfer of a partnership interest to each of the four minor children, within the purview of § 704(e), supra, since the children did not have dominion and control over their alleged interests. Taxpayers retained all the incidents of ownership except the legal title.

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed.

persons, notwithstanding legal disabilities of the minor under State law."