Donald L. EVANS and Joan Evans,
Appellees,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Appellant.

No. 18704.

United States Court of Appeals,
Seventh Circuit.

Aug. 20, 1971.

Johnnie M. Walters, Asst. Atty. Gen., Tax Division, Elmer J. Kelsey, Atty., U. S. Dept. of Justice, Meyer Rothwacks, Stephen H. Hutzelman, Attys. Tax Division, Dept. of Justice, Washington, D. C., for appellant.

Thomas G. Ragatz, Rolf W. Quisling, Boardman, Suhr, Curry & Field, Madison, Wis., for appellees.

Before KNOCH, Senior Circuit Judge, PELL, Circuit Judge, and GORDON, District Judge.*

KNOCH, Senior Circuit Judge.

This appeal arises out of petitions for redetermination of deficiencies in income tax for the years 1961 through 1965 by taxpayer-appellee Donald L. Evans. Mrs. Evans is a party solely because she filed joint returns for those years with her husband.

With one exception, all issues between the parties were settled. The one exception relates to the validity of a transfer of Mr. Evans' partnership interest. The Tax Court (54 T.C. 40) held that the transfer of Mr. Evans' interest to a corporation in which he was sole stockholder was cognizable for federal tax purposes.

* Honorable Myron L. Gordon is sitting by designation from the Eastern District of Wisconsin.

The facts are largely undisputed. Under an informal oral partnership agreement, Mr. Evans and his brother-in-law, Raymond Zeier, operated the Evans-Zeier Plastic Company which manufactured molded plastic products by an injection molding process which involves elaborate machinery but which prior to 1961 employed no more than four persons in addition to the partners, each of whom owned ½ interest and was entitled to ½ the profits.

Business decisions were made through discussions between the partners. Conflicts between them began in 1960 over expansion of the business which Mr. Zeier resisted. Mr. Evans, who wished to accumulate capital to start his own business without Mr. Zeier's knowing his plans, sought professional counsel and was advised by his attorney and his accountant to transfer his interest in the partnership to a corporation. Accordingly on December 20, 1960, the Don Evans, Inc. was incorporated under the laws of the State of Wisconsin. Mr. Evans contributed the required $500 capital and received two shares of stock.

Two days later, January 2, 1961, he executed an Assignment of Partnership Interest to Don Evans, Inc. of all his interest in the partnership, described as an undivided one-half interest in the Evans-Zeier Plastic Company and a one-half interest in all of its profits and losses to which Mr. Evans would be entitled in the continued operation of that partnership business. Mr. Evans acknowledged receipt of a consideration of $51,518.46, which represented the amount at which his interest was then carried on the partnership books. Mr. Evans received 206 shares of no par value stock to which $51.50 in documentary stamps had been attached. The partnership interest was entered on the corporation's books as an asset of $51,518.46. Mr. Evans continued to be sole stockholder.

The first Mr. Zeier heard of the corporation and assignment occurred when 1961 partnership tax returns were prepared by Mrs. Evans. When Mr. Zeier questioned the listing of Don Evans, Inc. as a partner, Mr. Evans told him there had been no change. Before filling the returns, Mr. Zeier erased "Incorporated" from the forms, but he did not tell Mr. Evans about that for several months. The matter arose again only in 1965 when dissolution of the firm was discussed.

All the partnership returns (except for 1965) were prepared by Mrs. Evans who gave them for examination to Mr. Evans who passed them for further examination to Mr. Zeier who signed them for the partnership. These listed Mr. Evans as a partner. Partnership checks, representing distrbutions attributable to a one-half partnership interest, showing Mr. Evans as payee, were deposited directly into the corporation's bank account. Partnership checks were signed by Mr. Zeier or by Mrs. Evans, but Mr. Evans' name continued on the bank signature card and on one occasion in 1965 he did sign a partnership check representing a withdrawal of partnership funds for himself. Investment and drawing accounts were carried on the books in the names of Mr. Zeier and Mr. Evans. Mr. Evans' accountant suggested that method to avoid increasing tension between Mr. Evans and Mr. Zeier. Persons dealing with the partnership, including the credit rating agency to which the partnership gave information and their insurer, were not informed of the assignment.

Mr. Evans was president of the corporation. Mrs. Evans was secretary-treasurer. Mr. Evans continued to do about half the partnership work as before. Meanwhile the corporation purchased and sold two buildings and bought machinery. In 1963 and 1964 the corporation was regularly selling plastic products using a molding process different from, and not generally competitive with, that used by the partnership.

In March 1965, the corporation secured bank loans of about $49,000 on a balance sheet showing net worth of about $108,-000, including as an asset one-half interest in the partnership valued at $37,855.-

24, without which the loans would not have been forthcoming. The corporation paid the Evanses salaries, from which taxes were withheld. Required returns reflecting the withholding and requisite deposits were made. The corporation reported the distributive share of partnership income. Mr. and Mrs. Evans in their joint income tax returns for 1961 through 1965 reported as income the amounts paid them as salary, but no income from the partnership.

December 18, 1965, Mr. Evans and Mr. Zeier concluded an agreement providing for the sale of half the partnership (except for two machines) to Mr. Zeier for $75,000. The signatories were Mr. Zeier, Mr. and Mrs. Evans, and the corporation by Mr. Evans as president and Mrs. Evans as secretary.

Mrs. Evans signed to obligate her to execute deeds to partnership realty. The corporation was made a party on advice of Mr. Zeier's attorney to avoid questions about the partnership interest and of Mr. Evans' attorney as necessary in view of the assignment.

In its 1965 return the corporation reported and paid tax on a long-term capital gain of $26,041.23 on the sale of the partnership interest.

Mr. and Mrs. Evans did not report any gain on the sale in their 1965 return.

The Commissioner held that the assignment was not cognizable for federal tax purposes, that income from the partnership activity was income to Mr. Evans for 1961 through 1965, and that Mr. Evans' income for 1965 should be increased by $16,728.80 capital gain on the sale to Mr. Zeier. The difference in capital gain to Mr. Evans and the corporation is explained by the difference in the basis of the partnership interest in the hands of the corporation as compared to the basis for Mr. Evans.

The Tax Court held adversely to the Commissioner's determination, ruled the assignment effective to transfer obligation to pay tax on partnership income from Mr. Evans to the corporation.

The Commissioner's view is that one may not become a partner unless all other partners consent to his joining the partnership and here Mr. Zeier did not even know of, let alone consent to, the new partner.

As only a partner may report a distributive share of partnership income on his federal tax returns, the Commissioner sees the corporation as unable to claim income for tax purposes which was still owned by Mr. Evans. The latter, says the Commissioner, continued to exercise the same control over the management of the partnership after as before the assignment, acting no differently because of the corporate entity. The corporation was disclosed to very few (at best) of those with whom the partnership had business dealings, and not on the federal and state tax returns of the partnership. However, it was clearly disclosed in financial statements to the Bank. It was stipulated that all checks for distributions of the partnerships were deposited directly into the corporation's bank account. The corporation received the entire amount of distributed income.

The Commissioner relies on Wisconsin law under which, apart from partnership by estoppel under § 178.13 (West's Wis. Stat.Ann.1969 Cum.Ann. Pocket Part), persons who are not partners as to each other are not partners as to third parties (§ 178.04) and no person can become a member of a partnership without the consent of all the partners [§ 178.15 (7)]. The Commissioner cites Sander v. Newman, 1921, 174 Wis. 321, 181 N.W. 822, where the Court distinguished partnership from joint venture.

Mr. Evans reasoned (and the Tax Court agreed) that under the Internal Revenue Code of 1954 §§ 708(b) (1) (B) and 704(e) (1), and regulations thereunder, the corporation replaced Mr. Evans as the taxable partner on January 2, 1961, as it became the true owner of a capital interest in a partnership in which capital was admittedly a material income-producing factor. The transfer of 50% of the partnership interest in

income and capital from Mr. Evans to the corporation ended his partnership with Mr. Zeier for tax purposes and resulted in a partnership, *for tax purposes,* between Mr. Zeier and the corporation. Treas.Reg. § 1.708–1(b) (1) (iv) and I.R.C. § 761(a). Mr. Zeier's consent would have no relevancy with respect to determining the incidence of federal taxation. Mr. Evans would not be liable for taxes on partnership income because he had made a valid transfer of his *entire* partnership interest, unlike taxpayers in some of the cases cited by the Commissioner who made sham transfers or transferred less than their entire interest.

Mr. Evans points out that under Wisconsin law a partner can convey his partnership interest without the consent of his partner pursuant to § 178.23, which provides that the assignee of such a conveyance is entitled to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled, and on dissolution of the partnership the assignee is entitled to receive the assignor's interest.

The latter provision is identical to § 27, Uniform Partnership Act, which has been interpreted to mean that the assignee is entitled to the assignor's interest in the partnership assets on dissolution, Leon v. Glaser, 1967, 28 A.D.2d 833, 281 N.Y.S.2d 441, mod. 28 A.D.2d 835, 282 N.Y.S.2d 922, 923; Chatten v. Martell, 1958, 166 Cal.App.2d 545, 333 P.2d 364.

Thus the corporation having, under Wisconsin law, the right to income and a distributive share of assets, obtained for federal income tax purposes, a capital interest in the partnership as defined in Treas.Reg. § 1.704–1(e) (1) (v). This does not, of course, give the corporation, under Wisconsin law, a right to sell any of these assets without consent of all the partners, but Treas.Reg. § 1.704–1(e) (1) (v) does not include such a right as requisite to its definition of a capital interest in a partnership.

Under I.R.C. § 704(e) (1) the corporation as owner of a capital interest in a partnership in which capital is a material income-producing factor is recognized for federal tax purposes as a partner.

For federal income tax purposes, Federal Tax law is controlling, Lodi Iron Works, Inc., 1958, 29 T.C. 696, and the legality, or lack of thereof, of a partnership under State law does not determine whether a partnership exists for federal tax purposes, Rev.Rul. 58–243, Cum.Bull. 1958–1, 255; Beulah H. Nichols, 1959, 32 T.C. 1322, 1330.

We cannot agree that in making family partnerships subject to general partnership principles, Congress intended to limit § 704(e) (1) to family partnerships where the capital interest was frequently derived by gift rather than purchase. Family partnerships have been subjected to close scrutiny. Under § 704(e) (3) sales of partnership interests between blood relatives are treated as gifts. This section derives from § 191 of the 1939 Code. Such transfers have been viewed as highly susceptible of fraud and hence have been treated as gifts.

On the other hand § 704(e) (1) derives unchanged from § 3797(a) (2) of the 1939 Code which is a general definition applicable to all partnerships and provided [as § 704(e) (1) now does] that a person shall be recognized as a partner for income tax purposes if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person.

As the Court held in Poggetto v. United States (N.D.Calif.S.D., 1961) 193 F. Supp. 688, 689, affd. 9 Cir., 1962, 306 F.2d 76, income from property is attributable to its owner and this principle is equally applicable to non-family and family arrangements as well as partnerships involving some members of a family and other non-related partners. If the corporation's ownership is real then the subjective intent of the parties is not a determinative test.

"The test is no longer whether the parties acted in good faith with a business purpose in joining together to conduct a partnership business. This was the test set forth in Commissioner [of Internal Revenue] v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659 (1949), which was decided before present § 704(e) (1) was part of the Code.

"The committee report accompanying H.R. 4473 which became § 704(e) (1) states: * * * The emphasis has shifted from 'business purposes' 'to ownership of a capital interest' " Pflugradt v. United States, 7 Cir., 1962, 310 F.2d 412, 415.

The Commissioner contends that § 704 (e) (1) was added not to overrule *Culbertson* but to clarify confusion as to whether a member of a family partnership would be recognized as a partner for tax purposes where he contributed no capital but received his share by gift, and not where the other partners' consents were lacking. The present test, according to the Commissioner, is whether the parties intend to join together in conduct of the enterprise. This, the Commissioner sees, is the holding of *Pflugradt*, and he says Mr. Zeier did not intend to join with the corporation.

█ The Commissioner does not dispute that the actual owner of a capital interest in a partnership in which capital is a material income-producing factor may be recognized as a partner. A corporation which owns a capital interest in a business, even though that interest is acquired from its sole stock holder, is the owner of the income derived from that capital interest, Charles Turner (1965) 24 TCM 544, CCH Dec. 27,344 (M).

Even though the transaction is not a sham and even though capital is conceded to be a material income-producing factor here, the Commissioner argues that the transferor has retained so many incidents of ownership that he must continue to be recognized as the actual owner of the partnership interest. Although the Tax Court found that Mr. Evans had transferred his entire interest to the corporation, the Commissioner asserts that he transferred only rights to future income of the partnership. However, the corporation was made a party to the termination agreement of 1965 which was prepared by Mr. Zeier's attorney with the assistance of Mr. Evans' attorney.

Much emphasis is based on Mr. Evans' activities in the operation of the partnership business. This, as Mr. Evans notes, is a more pertinent factor in determining whether a true transfer has been made, where transfer has been made by gift. But in this case, the corporation could act only through its officers and it is as reasonable to conclude, as the Tax Court did, that Mr. Evans as president and his wife as secretary-treasurer were carrying out their duties in behalf of the corporation, as to decide, as the Commissioner contends, that Mr. Evans continued as owner of the partnership interest.

Congress contemplated such a situation. See Senate Report No. 781, Cum. Bull.1951-2, 458, 486, where reference is made to substantial power retained by the transferor as a managing partner or in other fiduciary capacity, which considered in the light of all the circumstances will not indicate lack of true ownership in the transferee.

In the normal course of events there would be no marked change in operation except that Mr. Evans was no longer acting as owner but as agent for the new owner. We do not see the activities of the Evanses in operation of the business as adversely decisive.

Failure to list the corporation on the partnership returns was explained by the testimony of the accountant, which the Tax Court credited, that he directed preparation of a return showing the corporation as a partner on the first return but because of "a family disturbance" he advised Mrs. Evans to allow the returns to go through as before and that

the income would be picked up on the returns of the corporation. The Commissioner sees this as a flimsy excuse supporting the view that the transfer had no real significance and should not be recognized even for tax purposes. During this period of reporting, however, the returns of Mr. Evans and of the corporation disclosed additional facts,. (Cf., United States v. Atkins, 5 Cir., 1951, 191 F.2d 951, 952–953) and tax was paid on this income by the corporation.

■ Viewing the record as a whole we cannot say that the Tax Court's finding that Mr. Evans transferred his entire interest to the corporation was clearly erroneous. Under § 761(a) a partnership is broadly defined as including a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not a corporation or a trust or estate. See also § 7701(a) (2) where a similarly broad definition appears. This would seem to make Mr. Zeier's intent unimportant for tax purposes.

Partnerships, for tax purposes, have been implied from conduct of the parties, in the absence of any written agreement and even where the parties deny any intent to form one. Francis H. Monek, 1966, 25 TCM 582, 587, CCH Dec. 27,-965(M). See Treas.Reg. §§ 1.761–1(a) (1) and 301.7701–3(a). See also Stanback v. Commissioner, 4 Cir., 1959, 271 F.2d 514, 517; Max German, 1943, 2 T.C. 474, 480.

Mr. Zeier did know that a corporation was listed on the first return in 1961 so he knew of the transfer.

In United States v. Atkins, 5 Cir., 1951, 191 F.2d 146, 147, the Court held that even assuming there was no evidence on which the Trial Court could base its finding, that the transferee of the transferor's entire interest had become a partner, nevertheless the partnership interest would be considered for tax purposes.

In Simmons v. Commissioner, 5 Cir., 1947, 164 F.2d 220, 223, one group of partners assigned their entire interests to their wives. Other partners assigned less than their entire interest. None of the wives played an active role in operation and at least one of the first group continued to manage the business as before. The Court held the wives of the first group were taxable for the income produced by the partnership interests, but that the latter partners, and not their wives, were taxable on the income from their assigned interests. Whatever may be the status of the corporation as a "partner" with Mr. Zeier under Wisconsin law, we agree with the Tax Court that after the assignment Mr. Evans could no longer be regarded as a partner for federal income tax purposes, even though he remained one for state purposes.

The decision of the Tax Court is affirmed.

Affirmed.