**Max J. KUNEY, Jr., and Constance K. Kuney, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 24506.**

United States Court of Appeals, Ninth Circuit.

Sept. 3, 1971.

**23**

Butler & Lukins, Spokane, Wash., for appellants.

Lee A. Jackson, Thomas L. Stapleton, Stephen H. Futzelman, Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., W. Forbes Ramsey, Washington, D. C., for appellee.

Before MERRILL and KILKENNY, Circuit Judges, and BELLONI, District Judge.

MERRILL, Circuit Judge:

Appellants seek to recover taxes that they allege were illegally collected for the tax years 1958 through 1963. This suit for recovery was brought following denial of their claims for refund. Judgment of the District Court was in favor of the United States, and this appeal followed.

Prior to 1952, taxpayer Kuney, Junior, and his father were engaged as partners in the heavy construction business in the State of Washington. In 1952 interests in the family partnership were transferred by taxpayer and his father to trusts for the benefit of the minor children of each trustor, pursuant to § 704(e) of the Internal Revenue Code of 1954, 26 U.S.C. § 704(e), dealing with family partnerships.[1] The following year the operating business was transferred to a corporation controlled by taxpayer and his father, with the partnership retaining only the business assets—machinery, equipment, land and buildings—which were rented to the corporation. Partnership income thereafter was limited to the rentals received from the corporation.

The family partnership and both trusts[2] were the subject of an earlier action for refund involving the tax years 1952–1954, and the opinion of this court in Kuney v. Frank, 308 F.2d 719 (9th Cir. 1962), fully discusses the facts respecting the relationship between the corporation, the partnership, the trustees and the trust estates. In that case, as well as in the present one, the question was whether the trustee could be recognized as partner for income tax purposes.[3] In the earlier case we concluded:

> The existence of such dominion and control in the donee is to be determined from all the facts and circumstances. A transfer is not recognized if the transferor retains such incidents of ownership that the transferee has not acquired full and complete ownership of the partnership interest. Transactions between members of a family will be closely scrutinized, and the circumstances, not only at the time of the purported transfer but also during the periods preceding and following it, will be taken into consideration in determining the bona fides or lack of bona fides of the purported gift or sale."
> § 1.704(e) (vii) provides in part:
> "A trustee may be recognized as a partner for income tax purposes under the principles relating to family partnerships generally as applied to the particular facts of the trust-partnership arrangement. A trustee who is unrelated to and independent of the grantor, and who participates as a partner and re-

---

1. § 704(e) (1) provides:
   "*Recognition of interest created by purchase or gift.*—A person shall be recognized as a partner for purposes of this subtitle if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person."

2. Only the trust established by Kuney, Junior, is before us in the present case.

3. Bearing on this question, 26 C.F.R. § 1.704–1(e) (iii), provides in part:
   "A donee or purchaser of a capital interest in a partnership is not recognized as a partner under the principles of section 704(e) (1) unless such interest is acquired in a bona fide transaction, not a mere sham for tax avoidance or evasion purposes, and the donee or purchaser is the real owner of such interest. To be recognized, a transfer must vest dominion and control of the partnership interest in the transferee."

"We think it apparent that the two Kuneys, as individuals rather than trustees, did, in fact, have complete control of the income and assets of the trusts—of whether they would receive any income, and if so, how much, and of the nature and value of the assets." 308 F.2d at 723.

Accordingly, we held that the trustees could not be recognized as partners and that the partnership income was taxable in full to the trustors.

The issue here presented is whether the same result must follow as to the taxable years here in question. The District Court held that it must and that the earlier case was not distinguishable from the instant case. The court stated:

"The trust instruments involved here have not changed from those before the Circuit Court. They still contain language such that the trustees can do nearly anything they wish without control by anyone. The agreements are in substance agreements to do whatever they want."

But the power vested in the trustee by the trust instrument is not determinative. The trustee is the donee, and it is the power and control retained by the donor that is crucial. The question, under the regulations (footnote 3), is "whether the trustee in a fiduciary capacity has become the real owner of the partnership interest." And this will depend on whether he "actively represents and protects the interests of the beneficiaries in accordance with the obligations of a fiduciary and does not subor-

dinate such interests to the interests of the grantor."

The focus, then, is not alone on the extent of the trustee's powers under the trust instrument, but also on how the trustee has exercised those powers. *See* Ballou v. United States, 370 F.2d 659 (6th Cir. 1966), cert. denied 388 U.S. 911, 87 S.Ct. 2114, 18 L.Ed.2d 1349 (1967); 6 Mertens, Law of Federal Income Taxation § 35.11; *see also* Pflugradt v. United States, 310 F.2d 412 (7th Cir. 1962); *compare* Sanford H. Hartman, 43 T.C. 105 (1964), *with* Henry S. Reddig, 30 T.C. 1382 (1958).

It is clear that in this respect the facts of this case differ from the facts before us in the earlier case. From the opinion of the District Court it is apparent that many of the practices of which we had been critical ceased during the taxable years here in question.

The United States contends that since the corporation is the sole source of partnership income and the grantors control the corporation, it follows as matter of law that the grantors have retained incidents of ownership and control sufficient to preclude the trustees from ownership of anything of real value. We cannot agree. Again, it must depend on whether the trustees, in dealing with the corporation, have subordinated their fiduciary concerns to those of the corporation.

■ We conclude that the matter must be remanded for findings of fact respecting the manner in which the taxpayer's father, as trustee, has, during these taxable years, represented and pro-

ceives distribution of the income distributable to the trust, will ordinarily be recognized as the legal owner of the partnership interest which he holds in trust unless the grantor has retained controls inconsistent with such ownership. However, if the grantor is the trustee, or if the trustee is amenable to the will of the grantor, the provisions of the trust instrument (particularly as to whether the trustee is subject to the responsibilities of a fiduciary), the provisions of the partnership agreement, and the conduct of the parties must all be taken

into account in determining whether the trustee in a fiduciary capacity has become the real owner of the partnership interest. Where the grantor (or person amenable to his will) is the trustee, the trust may be recognized as a partner only if the grantor (or such other person) in his participation in the affairs of the partnership actively represents and protects the interests of the beneficiaries in accordance with the obligations of a fiduciary and does not subordinate such interests to the interests of the grantor."

tected the interests of the beneficiaries and whether, in the light of these facts, he has, in his fiduciary capacity, become the real owner of the partnership interest.

█ A different question is presented as to income from "loan accounts." Under the agreement in effect during the taxable years here in question, rental income received by the partnership from the corporation in excess of amounts needed to purchase new equipment was not held in the partnership but was credited to the partners in "loan accounts," maintained by the corporation in the names of the respective partners, upon which the partners could draw at any time. Interest was paid by the corporation upon each of these accounts until drawn down by the partner. The loan accounts involved here were maintained in the names of the beneficiaries themselves, not in the name of the trust or the trustee. The accounts were at all times under the control of the beneficiaries, who could, and to some extent did, draw upon them at any time. No one else had power to reach the funds.

The United States contends that, since the funds were available for the use of the corporation until drawn down, they were for all practical purposes under the control of the corporation and thus were not "owned" by the beneficiaries. The District Court agreed and held that all interest paid by the corporation upon the loan accounts was income of the grantor rather than of the trust beneficiaries.

We cannot agree. The sums involved were paid to the beneficiaries as effectively as though they had been deposited to their credit in a bank. That a debt resulted with the funds made available for the use of the debtor can hardly affect the question of ownership of the chose or of the interest paid.

Upon this aspect of the case, judgment is reversed.

Upon the major question of ownership for tax purposes of the trust corpus, the matter is remanded for further proceedings.