## FOX v. HARRISON, Collector of Internal Revenue.

### No. 8541.

Circuit Court of Appeals, Seventh Circuit.

Nov. 18, 1944.

J. Albert Woll, U. S. Atty., of Chicago, Ill., Samuel O. Clark, Jr., Sewall Key, and Robert Koerner, Asst. Attys. Gen., A. F. Prescott, Sp. Asst. to Atty. Gen., and John B. Stephan, Asst. U. S. Atty., of Chicago, Ill., for appellant.

Arnold R. Baar, Arthur R. Foss, and KixMiller, Baar & Morris, all of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a District Court judgment in favor of plaintiff (taxpayer), in an action against defendant (Collector of Internal Revenue) to recover certain of plaintiff's income tax for the year 1939, paid pursuant to a deficiency assessment. During 1939, the Henry H. Cross Company, a corporation, acquired from plaintiff 1,000 shares of its stock, for which it paid $100,000. The payment thus received was not included in plaintiff's income tax return for the year in question. The Commissioner determined that it should have been included and, as a result of such determination, assessed the sum of $63,195.-45 against plaintiff as additional income tax due for 1939, and also assessed interest thereon in the sum of $7,221.59. The judgment appealed from is for the amount so assessed and paid by plaintiff, together with interest from the date of payment.

Appellant, endeavoring to justify the action of the Commissioner in making the deficiency assessment, relies upon Sec. 115(g) of the Internal Revenue Code, 26 U.S.C.A. 1940 ed., Int.Rev.Code, § 115(g), which provides:

"If a corporation cancels or redeems its stock (whether or not such stock was issued as a stock dividend) at such time and in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend, the amount so distributed * * * to the extent that it represents a distribution of earnings or profits. * * * shall be treated as a taxable dividend."

Thus the question for decision is whether the corporation by reason of the involved transaction redeemed its stock and, if so, whether such redemption was essentially equivalent to the distribution of a taxable dividend. (It was stipulated that the stock was not cancelled by the corporation.)

We are at once confronted with the findings of the District Court, which, if accept-

522

ed, require an affirmance. Among other things, the court found:

"The purchase of the 1,000 shares of stock from the plaintiff did not constitute a cancellation or redemption of any of said shares of stock, nor was such purchase effected at such time or in such manner as to make the distribution and cancellation or redemption in whole or in part essentially equivalent to the distribution of a taxable dividend. Plaintiff did not receive or realize any gain or taxable income as a result of such purchase."

■ Appellant contends that such findings are in reality conclusions of law, which we are not required to accept. It would serve no useful purpose to analyze the authorities which are cited by the respective parties concerning the merits of this contention. It is sufficient to observe that the contention, by the overwhelming weight of authority, must be denied. Dobson v. Commissioner, 320 U.S. 489, 64 S. Ct. 239; Commissioner v. Babson, 7 Cir., 70 F.2d 304, 306; Parker v. United States, 7 Cir., 88 F.2d 907, 909; Smith v. United States, 3 Cir., 121 F.2d 692, 695; Urling v. Fink, 3 Cir., 141 F.2d 58, 61.

■ The function of this court as a reviewer of the facts is therefore limited to an ascertainment if there is any rational basis for the findings made by the trial court or, as it is sometimes said, whether such findings are substantially supported. In this connection, it is pertinent briefly to state the facts upon which such findings rest.

In 1938, the Cross corporation had outstanding 7,100 shares of its capital stock. Henry H. Cross, president, treasurer and a director of the corporation, owned or controlled approximately two-thirds of such stock, and plaintiff, a vice president and director of the corporation, owned or controlled approximately one-third of such stock. In 1938, Cross was heavily indebted to the corporation and sought to liquidate such indebtedness by surrender and retirement of a portion of his stock. Upon being advised that this could not legally be done, he threatened to liquidate the corporation unless his stock was purchased at par value. The financial condition of the corporation was such as to preclude its purchase of Cross' stock. It did, however, redeem Cross' stock to the extent of his indebtedness. Plaintiff endeavored to negotiate a loan on behalf of the corporation in order to purchase the remainder of Cross' stock. The bank was unwilling, but offered to make plaintiff a personal loan secured by his personal collateral. Such a loan was made on October 7, 1938. Plaintiff then acquired from Cross the title of record to 1424⅓ shares of stock owned or controlled by him, and paid therefor $100 per share.

Subsequent to January 1, 1939, the auditors of the corporation reported that certain changes should be made in the accounting for reserves. There was then set up on the books a surplus of $100,375.78, as of December 31, 1938. In 1939, the corporation acquired from plaintiff 1,000 shares of the stock which he had received from Cross and paid therefor the sum of $100,000. (The same amount per share which Fox had paid Cross in 1938.) The corporate checks received by plaintiff in payment for the stock were applied by him in payment on the bank loan by which he had obtained the funds used in acquiring the stock from Cross. The stock so purchased has been held by the corporation as treasury stock and has not been cancelled or retired.

We are of the view that the situation thus related amply supports the findings of the trial court. Especially is this so as to the finding that the purchase was not effected "at such time and in such manner as to make the distribution and cancellation or redemption * * * essentially equivalent to the distribution of a taxable dividend." Appellant's theory is apparently predicated upon the mere form of the transaction, without giving consideration to the substance. In reality, the involved stock was purchased by the corporation from Cross. That the purchase was not made directly from him was due to the inability of the corporation readily to finance such purchase. Appellee merely supplied the security by which the finances were obtained. The very checks which he received for the stock when it was turned over to the corporation were used in payment of the loan which he had obtained from the bank. He realized no gain or profit on the transaction. His relation to the transaction is very aptly described by the District Court:

"* * * that Fox was acquiring said stock on behalf of the corporation and as a temporary expedient, and that when the corporation should accumulate a sufficient surplus and should have available funds, it

would take the stock off of Fox's hands. He had no desire or purpose to make a permanent personal investment in the Cross stock."

When we look at the undisputed purpose back of this transaction, together with the "time" and "manner" of this so-called distribution by the corporation to appellee, we are of the view that it was not "essentially equivalent to the distribution of a taxable dividend." This is so whether the question be treated as one of fact or of law.

The judgment of the District Court is affirmed.