RUPPLE v. KUHL, Collector of Internal Revenue.

No. 9778.

United States Court of Appeals
Seventh Circuit.

Nov. 16, 1949.

Theron L. Caudle, Assistant Attorney General, Maurice P. Wolk, Assistant to the Attorney General, Ellis N. Slack, A. F. Prescott, Special Assistants to the Attorney General, Timothy T. Cronin, United States Attorney, E. J. Koelzer, Assistant United States Attorney, Milwaukee, Wis., for appellant.

John S. Best, Milwaukee, Wis., Matthew M. Wallrich, Shawano, Wis. (Lecher, Michael, Spohn, Best & Friedrich, Milwaukee, Wis., of counsel), for appellee.

Before KERNER, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

This appeal is concerned with the taxation of income attributable to a partnership interest which, although standing in the plaintiff taxpayer's name, was found by the District Court to have been the sole asset of a joint venture in which the taxpayer and his wife were the participants. On this finding, the court decided that only one-half the income was taxable to plaintiff and, accordingly, entered judgment that the collector refund to him, $19,207.32, representing the overpayment made by him in 1941, in which year he had paid taxes on all the income emanating from the partnership interest. On appeal the collector contends that the trial court erred in finding that plaintiff and his wife were engaged in a joint venture, but argues that, even if they were, plaintiff was nevertheless taxable on the entire income.

In August, 1941, plaintiff was consulted by certain persons interested in establishing a dried egg business, concerning the adaptability of a plant in Wisconsin for that purpose. At plaintiff's suggestion, a sixty-day purchase option was secured, for which he paid $500, and the plant was operated during that period on an experimental basis. The experiments resulting satisfactorily, the interested parties decided to form a partnership, to be known as the Wisconsin Dried Egg Company, to acquire the plant and engage in production. It was agreed that $7000 would be contributed by each of the three partners, plaintiff, A. Sturm & Sons, and Frank Stone. Plaintiff, however, had neither $6500 (he had already contributed $500 for the option), nor the credit with which to obtain it. The bank from which he sought to borrow the money advised him that it would require his wife to deposit collateral adequate to safeguard the

loan. Plaintiff testified that, after discussing the matter with his wife, it was agreed that she would supply the capital to finance the one-third interest in the partnership; that plaintiff would contribute his services, and that the profits and losses arising from the partnership interest would be shared equally between them. Mr. Sturm testified that plaintiff disclosed the existence of the arrangement between himself and his wife to the other members of the proposed partnership, and that they informed him that they had no objection to his having a partner but, as far as they were concerned, they wanted to deal only with him. Defendant contends, however, that the fact that the proceeds of the loan were credited directly to plaintiff's account and that the interest was paid by him rather than his wife, at least through 1942, indicate that no joint venture actually existed, but shows that the wife acted simply as an accommodation party in order to enable her husband to procure the loan. At any rate, the loan was obtained, the note signed by both plaintiff and his wife and secured by a pledge of the latter's individual property, and the proceeds were paid to the partnership.

Shortly after commercial operation began, a formal partnership agreement was executed by Frank Stone, A. Sturm & Sons, and plaintiff, in which the latter's wife was not mentioned. All income attributable to the one-third interest in the partnership was paid to plaintiff, who, in his personal income tax return for 1941, included it in his gross income. His claim for refund of the tax paid on one-half the income from the partnership was denied and this suit was then instituted.

Defendant, in contending that the District Court's finding that plaintiff and his wife were members of a joint venture was erroneous, admits that "the findings are supported by some evidence," but argues that "a reading of the record as a whole leads to the conclusion that they are clearly erroneous." The record, however, fails to disclose any testimony contradicting that of plaintiff to the effect that an agreement was entered into between him and his wife, or that of Sturm that notice of the contract was immediately communicated to the other members of the partnership. What defendant asks, then, is that this court infer, from the conduct of the parties, that no such agreement existed.

It is provided by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., that "findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." To grant defendant's request and set aside the finding would be to disregard the language of the rule and the prior decisions of this court, for it is clear that the finding was supported by adequate evidence in the testimony of witnesses whose credibility could best be determined by the trial judge; consequently, the finding that taxpayer and his wife were members of a joint venture is not clearly erroneous and, therefore, can not be set aside by this court. Fox v. Harrison, 7 Cir., 145 F.2d 521; Fox River Paper Corporation v. United States, 8 Cir., 165 F.2d 639, 640; Gaytime Frock Company v. Liberty Mutual Life Insurance Company, 7 Cir., 148 F.2d 694, 696; Walling v. General Industries Co., 330 U.S. 545, 550, 67 S.Ct. 883, 91 L.Ed. 1088.

Our principal question is presented by defendant's contention that plaintiff's liability for taxes on his distributive share of the partnership income was not affected by the agreement between him and his wife. The District Court took the contrary view, holding that, although the wife was not a member of the partnership, the income from the partnership interest, which stood in plaintiff's name, was taxable one-half to him and one-half to his wife because they were engaged in a joint venture, the sole asset of which was the partnership interest. Defendant argues that, in view of the Supreme Court's decision in Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, and the line of authority following that case, the judgment must be reversed.

The applicable provisions of the Internal Revenue Code are Section 182, 26 U.S.C.A. § 182, which provides that, "In computing the net income of each partner, he shall include, whether or not distribution is made to him * * * (c) His distributive share

of the ordinary net income or the ordinary net loss of the partnership * * *", and Section 3797, 26 U.S.C.A. § 3797, which provides that the term "partnership," when used in the Act, includes a "joint venture." Applying Section 182 to the joint venture in which plaintiff and his wife were engaged, it would appear that, regardless of whether any distribution was made, each of them was taxable on one-half the ordinary net income of the venture. But, applying the same statutory provision to the partnership interest, which was the sole asset of the joint venture, defendant urges that, because the partnership interest stood in his name, plaintiff is taxable on all the income attributable to that interest. If defendant's contention is correct, the anomalous result is that plaintiff is taxable on all the income attributable to the partnership interest and his wife on one-half of that very same income. Defendant admitted in oral argument, that if plaintiff had actually paid to his wife one-half the income received by him from the partnership, each would have been taxed on only one-half that income, but Section 182 supports no such distinction; by its terms, "whether or not distribution is made", the wife was taxable on one-half the income of the joint venture. This being true, it does not seem to us that defendant's position is tenable.

Though defendant insists, however, that Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 346, 76 L.Ed. 665, is directly in point, we think there are significant distinctions between that case and the one at bar. In that case, the wife made no contribution of capital. As the court there stated, "the agreement * * * can not be taken to have amounted to more than an equitable assignment of one-half of what her husband should receive from the partnership * * *." Here, however the agreement between plaintiff and his wife preceded the formation of the partnership, and the wife made a very substantial capital contribution; indeed, had she not provided the capital, the partnership interest with which we are concerned would never have come into existence. Furthermore, we are dealing with an agreement which made the parties joint venturers and which, thus, amounted to

much more than the equitable assignment involved in the Leininger case.

Of other cases relied on by defendant, Larsen v. Burnet, 60 App.D.C. 158, 50 F.2d 308, and Battelson v. Commissioner, 9 Cir., 62 F.2d 125, involve factual situations most closely analogous to that of the present case. But in neither of them, in both of which the husbands entered into partnerships, using the separate funds of their wives, was there a prior agreement which constituted the husband and wife joint venturers with respect to the partnership interest. And in none of the cases cited by defendants was the wife, by the express provisions of the Internal Revenue Code, subject to tax liability on the income which the commissioner taxed to her husband (and this regardless of whether or not she actually received such income), as is the wife in this case by virtue of the application of the provisions of Section 182 to the joint venture in which she and her husband were equally interested.

As the District Court aptly stated [81 F.Supp. 318, 321], "The statutes accord a joint venture the same tax treatment as a partnership". That each venturer is entitled to recognition for tax purposes was established by Tompkins v. Commissioner, 4 Cir., 97 F.2d 396. Decisions of the Tax Court are in accord with the decisions of the lower court to the effect that the income from a partnership interest which is owned by parties to a joint venture is taxable proportionally to the members of the joint venture. See Hinckley v. Commissioner, 6 B.T.A. 312; Wing v. Commissioner, 17 B.T.A. 1028; Tuthill v. Commissioner, 22 B.T.A. 887. That these decisions antedate the decision in Burnet v. Leininger, supra, does not weaken their authority, for, as has been pointed out, in the Leininger case the husband and wife were not participants in a joint venture. In this case, to tax all the income from the partnership interest to the taxpayer would be to fail to accord to the joint venture between the taxpayer and his wife the tax recognition to which it is entitled under the statute and which it received in the court below.

The judgment is affirmed.