## UNITED STATES v. ATKINS.
### No. 13326.

United States Court of Appeals
Fifth Circuit.

Aug. 31, 1951.

Rehearing Denied Oct. 30, 1951.

See 191 F.2d 951.

came a partner in said several partnerships, nevertheless Atco was a valid partnership for income tax purposes, and all other purposes within the intention of the parties as expressed in their partnership agreement. Rupple v. Kuhl, 7 Cir., 177 F. 2d 823.

Helen Goodner, Sp. Asst. to the Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to the Atty. Gen., Wm. J. Fleniken, U. S. Atty., Shreveport, La., for appellant.

William H. Bronson, Shreveport, La., for appellee.

Before HOLMES, McCORD, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

In our former opinion we held that Atco Investment Company did not become a partner in the various operating partnerships in which appellee was a partner; but, regardless of that, the question remains whether or not Atco Investment Company was a valid partnership between its members. If so, the income is taxable to its members. The Supreme Court has recently laid down the tests for determining whether a valid partnership was formed. Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

The court below found that Atco Investment Company was formed in accordance with Article 2871 of the Civil Code of Louisiana. In our former opinion we stated that the taxpayer remained a partner in the several partnerships in question, and that statement is probably correct under the second clause of said Article 2871; but under the first clause in that article, we agree with the finding and conclusions of the lower court. That clause provides as follows: "Every partner may, without the consent of his partners, enter into a partnership with a third person, for the share which he has in the partnership." Assuming, as we held, that there was no evidence upon which the trial court could base its finding that Atco Investment Company be-

After careful consideration of the petition for rehearing, and the argument in support thereof, we are of the opinion that the crucial question is whether John B. Atkins, Jr., was entitled to share in the income of the Atco Investment Company. We think he was, under the tests laid down in Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659. Furthermore, as held by the court below, the transfer of the ownership of John B. Atkins' shares in the operating partnerships to Atco Investment Company was accomplished in the most effective way possible in Louisiana, that is, by recording the instrument of transfer in the public records of conveyances, thereby effectively establishing Atco's obligations to the public as a partner.

This is not a case of the taxpayer assigning fees, wages, salaries, or other income, to be earned by him in the future from work to be performed by him in the future. Atco's income resulted from capital invested in operating partnerships, and from the services performed by managing partners. The taxpayer did not assign income from those operating partnerships: he assigned his share, his entire interest, in those partnerships to a separate partnership (Atco Investment Company), the members of which firm were engaged in a joint venture. See Rupple v. Kuhl, 7 Cir., 177 F.2d 823, 825. Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, distinguished.

The petition for rehearing is granted; the judgment of reversal heretofore entered is set aside; and the judgment appealed from is affirmed.

In view of this reversal of our former judgment, the Government is granted thirty days in which to file a petition for rehearing.

Affirmed.