*Decision will be entered under Rule 50.*

HARRY KLEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24895. Promulgated July 25, 1952.

*Llewellyn A. Luce, Esq.*, for the petitioner.
*William W. Oliver, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The issue raised here is whether in 1943 petitioner is taxable in full for his share of one-half of the profits of Allen's, or for only 75 per cent of his share. Allen's was a retail women's clothing store. Allen's was a partnership composed of petitioner and his brother, and was managed by petitioner and his wife. Petitioner's wife had many years of business experience and was responsible for buying, displays, pricing merchandise, and much of the general management. Her services were managerial, valuable, and essential to

the conduct of the business. In the fall of 1943, petitioner and his wife agreed that his wife's share of the profits for 1943 was to be 25 per cent of petitioner's one-half of the partnership profits. During 1943, petitioner's wife was not a partner in Allen's nor did she receive a salary from the partnership as an employee.

Respondent determined petitioner was taxable in full for his share of the partnership, while petitioner contends he is not taxable on the 25 per cent which his wife reported as income. The evidence shows that Esther reported on her income tax return for 1943, 25 per cent of petitioner's 50 per cent share of the profits from the partnership of Allen's. We think it was proper that she should do this. While it is conceded that she was not a partner in Allen's during the year 1943, yet it is clear that she was a joint venturer with her husband, petitioner herein, in managing and carrying on petitioner's 50 per cent share in the partnership of Allen's. See *Rupple* v. *Kuhl*, 177 F. 2d 823, affirming 81 F. Supp. 318; *United States* v. *Atkins*, 191 F. 2d 146 and 191 F. 2d 951.

It is true, of course, that if petitioner had merely assigned his wife 25 per cent of his interest in the partnership of Allen's, such assignment, even though it might have been effective as between the parties, would not have relieved petitioner from taxation on his entire 50 per cent of the share in the partnership profits of Allen's. *Burnet* v. *Leininger*, 285 U. S. 136; *Lucas* v. *Earl*, 281 U. S. 111. But the instant case is no *Burnet* v. *Leininger* or *Lucas* v. *Earl* case. Here there was no mere assignment of income. Esther Klein was rendering full time service in the business of Allen's and the uncontradicted evidence is to the effect that her services were very valuable and important to the success of the business of Allen's. She received her 25 per cent share of petitioner's 50 per cent of the partnership earnings, not because petitioner had assigned them to her but because she had earned them as a member of the joint venture. Her contribution to the joint venture was important and essential services. In the *Rupple* v. *Kuhl* case, *supra*, the contribution of the wife to the joint venture with her husband was capital—here it is services. However, we see no distinction between the two in so far as the validity of the joint venture is concerned. In the instant case respondent relies heavily on *Burnet* v. *Leininger*, *supra*, but so he did in *Rupple* v. *Kuhl*, *supra*, and the Seventh Circuit in ruling against the Government in that case, said:

As the District Court aptly stated [81 F. Supp. 318, 321]. "The statutes accord a joint venture the same tax treatment as a partnership." That each venturer is entitled to recognition for tax purposes was established by Tompkins v. Commissioner, 4 Cir., 97 F. 2d 396. Decisions of the Tax Court are in accord with the decisions of the lower court to the effect that the income from a partnership interest which is owned by parties to a joint venture is taxable proportionally to the members of the joint venture. See Hinckley v. Commissioner, 6 B. T. A. 312; Wing v. Commissioner, 17 B. T. A. 1028; Tuthill v. Commissioner, 22 B. T. A. 887.

That these decisions antedate the decision in Burnet v. Leininger, supra, does not weaken their authority, for, as has been pointed out, in the Leininger case the husband and wife were not participants in a joint venture. In this case, to tax all the income from the partnership interest to the taxpayer would be to fail to accord to the joint venture between the taxpayer and his wife the tax recognition to which it is entitled under the statute and which it received in the court below.

The Fifth Circuit in *United States* v. *Atkins, supra,* adopted the views of the Seventh Circuit in *Rupple* v. *Kuhl, supra,* and in so doing said at page 147:

This is not a case of the taxpayer assigning fees, wages, salaries, or other income, to be earned by him in the future from work to be performed by him in the future. Atco's income resulted from capital invested in operating partnerships, and from the services performed by managing partners. The taxpayer did not assign income from those operating partnerships: he assigned his share, his entire interest, in those partnerships to a separate partnership (Atco Investment Company), the members of which firm were engaged in a joint venture. See Rupple v. Kuhl, 7 Cir., 177 F. 2d 823, 825. Burnet v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665, distinguished.

See also *Estate of Archie L. Blades,* 15 T. C. 190.

On this issue we hold in favor of the petitioner.

*Decision will be entered under Rule 50.*