J. W. BOYT, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23940, 23941, 23942, 23943, 23944, 23945, 23946, 23947.
Promulgated September 19, 1952.

*Paul L. Martin, Esq.,* for the petitioners.
*Frank M. Cavanaugh, Esq.,* for the respondent.

[1] A. J. Boyt, Dkt. No. 23941; Estate of Paul A. Boyt, deceased, Dorothy F. Boyt and Fred H. Quiner, Administrators, Dkt. No. 23942; Barbaradina Boyt, Dkt. No. 23943; Elizabeth M. Boyt, Dkt. No. 23944; B. B. Quiner and Eva Quiner, Dkt. 23945; P. J. Kurtz, Dkt. No. 23946; J. E. Green and Mearle N. Green, Dkt. No. 23947.

**OPINION.**

TIETJENS, *Judge:* In the determination of the deficiencies involved in these proceedings, the respondent has recognized the Limited Partnership as a separate venture or enterprise the net income of which was distributable in certain proportions to the limited partner Glen Herrick and to the general partner Boyt Partnership, respectively. No issue has been raised with respect thereto or Boyt Partnership's income from that source. However, the existence of the Limited Partnership and its prospective profits from war contracts and the dissolution of the Boyt Corporation and the substitution of the Boyt Partnership as the general partner of the Limited Partnership, are presented in these proceedings as part of the circumstances bearing upon the good faith of the parties in the formation of the Boyt Partnership as of August 30, 1941. We have given those circumstances due consideration in reaching our conclusions herein.

The respondent, in his determinations in these proceedings, has also recognized the Boyt Partnership as a separate venture or enterprise which, during the taxable years 1942 and 1943, realized net income distributable to certain persons recognized by him as partners. The two main issues presented are first, whether Helen, Marjorie, and Dorothy Boyt were bona fide partners taxable on their respective distributive shares of the net income of Boyt Partnership and second, whether the 17 trusts are recognized as taxable on their respective designated percentages of the Boyt Partnership's net income, as contended by petitioners. A minor issue involves the claimed salary deduction in determining the net income of Boyt Partnership for the year 1942.

With respect to the minor issue we sustain respondent's determination that $3,000 represented reasonable compensation for the services rendered by John Boyt during 1942. The meager facts of record on this issue are mere generalities and fail to establish, to our satisfaction, the extent or value of the services rendered by John Boyt.

With respect to the question of whether the three wives, Helen, Marjorie, and Dorothy Boyt, were duly constituted partners of the Boyt Partnership and recognizable as such for tax purposes, we conclude that they were and that respondent erred in determining otherwise. This conclusion rests upon our findings of facts clearly established by the record herein. Briefly, the wives were part owners of the Boyt Corporation stock originally issued in the names of their husbands in 1934. They contributed vital services toward the development of the new line of business of that corporation in textile products which, as shown by the uncontradicted testimony, was the reason the corporation first sought Government contracts in 1940 for canvas products and which led ultimately into the business of the Limited Partnership formed in November 1940. The issuance of shares of Boyt Corporation stock in the names of the wives on August 1, 1941, merely made their ownership thereof a matter of record. Upon dissolution of the Boyt Corporation on August 30, 1941, the wives became entitled to their proportionate distribution of the corporate assets, subject to liabilities, and they made a contribution thereof as part of the capital of the Boyt Partnership. We have found as a fact that the parties to the articles of partnership, including the wives, thereby intended in good faith to become partners for the purpose of carrying on a business and agreed to share the profits and losses thereof in certain proportions. In reaching our conclusion on this issue, we have applied the principles announced in *Commissioner* v. *Culbertson*, 337 U. S. 733; *Commissioner* v. *Tower*, 327 U. S. 280 and similar cases. In *Rupple* v. *Kuhl*, 177 F. 2d 823 and *Harry Klein*, 18 T. C. 804, it was held that a husband's partnership interest was in turn divided (and so recognized for tax purposes) between himself

and his wife on the basis of a subpartnership to which the wife contributed capital or vital services. The instant case is stronger than those cases for here the wives were not merely subpartners with their husbands, but were full bona fide partners with eight other persons entitled to proportionate shares of the Boyt Partnership income which happened to be derived from two sources, namely, its activity in producing certain civilian goods and its separate activity as the general partner and manager of the Limited Partnership engaged in a business in which borrowed capital was an important income producing factor.

The respondent erred in taxing to J. W. Boyt, A. J. Boyt, and Paul A. Boyt, their respective wives' distributive shares of the net income of the Boyt Partnership for the years 1942 and 1943.

The last question presented is whether the 17 trusts should be recognized as taxable on their respective designated percentages of the net income of the Boyt Partnership as contended by petitioners, or, whether such income is taxable to the grantors of those trusts as determined by respondent.

The petitioners involved in this issue concede that the trusts were not intended to be and never were actual partners in the Boyt Partnership. That fact clearly distinguishes this case from *Edward D. Sultan*, 18 T. C. 715, and *Thomas H. Brodhead*, 18 T. C. 726. Further, petitioners take the position that the trusts were not subpartners with the grantors and as such entitled to a division of the income share of the grantor-partner of Boyt Partnership. Thus, the *Rupple* and *Klein* cases are not applicable to this issue.

The petitioners contend that the trusts were validly established under the laws of Iowa by completed, irrevocable gifts of designated percentage interests in the Boyt Partnership, that is in the partnership assets, and hence subject to tax on the income therefrom. The respondent contends that, for tax purposes, the trusts amounted to nothing more than assignments of percentages of the grantors' future earnings in the Boyt Partnership, as tax-saving devices.

Under the scheme of Federal income taxation, persons carrying on business in partnership are liable for tax, in their individual capacity, on their distributive share of all of the partnership net income. Here the trusts are admittedly neither partners nor even subpartners or joint venturers with the actual partners of Boyt Partnership, who earned the income in question. The trusts contributed nothing to the enterprise and their creation merely provided a means whereby they became passive recipients of shares of income earned by the grantor-partners. Furthermore, the grantors in their individual capacities, aside from also being the trustees, retained complete dominion and control over the corpus of the trusts, that is the assigned percentage

interest in the partnership assets. We think it is clear, under the facts herein, that the grantor-petitioners actually earned the income in question and under the doctrine of *Lucas* v. *Earl*, 281 U. S. 111, and *Burnet* v. *Leininger*, 285 U. S. 136, we hold that the trusts are not recognized for tax purposes and that those petitioners are taxable on all of their distributive shares of the net income of Boyt Partnership for each of the years 1942 and 1943. On this issue the respondent's determination is approved.

*Decisions will be entered under Rule 50.*