DONALD L. AND JOAN EVANS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 6346–66, 2418–67. Filed January 19, 1970.

---

[4] See the emphasized language in *Pacific National Co.* v. *Welch*, quoted *supra*.

*Thomas G. Ragatz*, for the petitioners.
*Lawrence G. Becker*, for the respondent.

## OPINION

The respondent does not question the separate identities of the petitioner and the corporation, nor does he contend that the execution of the "Assignment of Partnership Interest" by petitioner on January 2, 1961, was a sham. However, he contends that since the petitioner did not obtain the consent of his partner, Zeier, to the assignment, such assignment did not effect a transfer to the corporation of petitioner's entire partnership interest, but effected no more than an assignment of the right to future income to which petitioner would be entitled as a partner; that the petitioner thus retained his partnership interest; and that he is taxable upon his distributive share of the partnership income under section 702(a) of the Internal Revenue Code of 1954.[2]

---

[2] The Internal Revenue Code of 1954 contains the following provisions:

SEC. 701. PARTNERS, NOT PARTNERSHIP, SUBJECT TO TAX.

A partnership as such shall not be subject to the income tax imposed by this chapter. Persons carrying on business as partners shall be liable for income tax only in their separate or individual capacities.

SEC. 702. INCOME AND CREDITS OF PARTNER.

(a) GENERAL RULE.—In determining his income tax, each partner shall take into account separately his distributive share of the partnership's—[items of income, gains, losses, etc.]

SEC. 704. PARTNER'S DISTRIBUTIVE SHARE.

(a) EFFECT OF PARTNERSHIP AGREEMENT.—A partner's distributive share of income, gain, loss, deduction, or credit shall, except as otherwise provided in this section, be determined by the partnership agreement.

\* \* \* \* \* \* \*

(e) FAMILY PARTNERSHIPS.—

(1) RECOGNITION OF INTEREST CREATED BY PURCHASE OF GIFT.—A person shall be recognized as a partner for purposes of this subtitle if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person.

(2) DISTRIBUTIVE SHARE OF DONEE INCLUDIBLE IN GROSS INCOME.—In the case of any partnership interest created by gift, the distributive share of the donee under the partnership agreement shall be includible in his gross income, except to the extent that such share is determined without allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the portion of such share attributable to donated capital is proportionately greater than the share of the donor attributable to the donor's capital. \* \* \*

He relies principally upon *Burnet* v. *Leininger*, 285 U.S. 136.

The petitioner, on the other hand, contends that under Wisconsin law the assignment of January 2, 1961, was effective to transfer his capital interest in the partnership to the corporation. He therefore contends that the corporation, as owner of such capital interest, is taxable on the income from such interest, regardless of whether the corporation technically became a partner under State law. He argues that for Federal income tax purposes the transfer terminated the old partnership between him and Zeier by virtue of the provisions of section 708(b)(1)(B) of the Code and the regulations thereunder; that thereafter, for Federal income tax purposes, he was no longer taxable as a partner; that the corporation became a coowner with Zeier of the company; that as coowners the corporation and Zeier continued to carry on a business, petitioner acting as agent for the corporation; that under section 761(a) of the Code the relationship between Zeier and the corporation, for Federal income tax purposes, must be considered as that of a partnership; and further that section 704(e)(1) of the Code provides that a person shall be recognized as a partner if he owns a capital interest in a partnership in which capital is a material income-producing factor.

Both parties refer to the Uniform Partnership Act as enacted by the State of Wisconsin,[3] the respondent contending that thereunder the

---

SEC. 708. CONTINUATION OF PARTNERSHIP.

(a) GENERAL RULE.—For purposes of this subchapter, an existing partnership shall be considered as continuing if it is not terminated.

(b) TERMINATION.—

(1) GENERAL RULE.—For purposes of subsection (a), a partnership shall be considered as terminated only if—

(A) no part of any business, financial operation, or venture of the partnership continues to be carried on by any of its partners in a partnership, or

(B) within a 12-month period there is a sale or exchange of 50 percent or more of the total interest in partnership capital and profits.

SEC. 761. TERMS DEFINED.

(a) PARTNERSHIP.—For purposes of this subtitle, the term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a corporation or a trust or estate. * * *

\* \* \* \* \* \* \*

(b) PARTNER.—For purposes of this subtitle, the term "partner" means a member of a partnership.

(c) PARTNERSHIP AGREEMENT.—For purposes of this subchapter, a partnership agreement includes any modifications of the partnership agreement made prior to, or at, the time prescribed by law for the filing of the partnership return for the taxable year (not including extensions) which are agreed to by all the partners, or which are adopted in such other manner as may be provided by the partnership agreement.

[3] Wis. Stat. Ann., provides in part:

178.21 Property rights of partner

(1) The property rights of a partner are his rights in specific partnership property, his interest in the partnership, and his right to participate in the management.

(2) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.

(3) The incidents of this tenancy are such that:

assignment in question transferred to the corporation only a share of the future profits of the partnership and, as stated, the petitioner contending that thereunder the assignment effected a transfer of his capital interest in the partnership.

We think it clear that the assignment in question was intended to, and did, transfer all the petitioner's interest in the partnership to the corporation, and not merely the right to future income. Under Wisconsin law a partner's interest in the partnership is his share of the profits and surplus. This interest is personal property and is assignable. An assignment of a partnership interest entitles the assignee to receive the profits to which the assigning partner would otherwise be entitled and, in the case of a dissolution of the partnership, entitles the assignee to receive the assignor's interest. And it appears that there is no requirement that consent to the assignment be obtained from the other partners.

The Internal Revenue Code of 1954 recognizes that an interest in a partnership may be sold or exchanged and, with exceptions not here

---

(a) A partner, subject to the provisions of this chapter and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes ; but he has no right to possess such property for any other purpose without the consent of his partners.

(b) A partner's right in specific partnership property is not assignable except in connection with the assignment of the rights of all the partners in the same property.

(c) A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. When partnership property is attached for a partnership debt the partners, or any of them, or the representatives of a deceased partner, cannot claim any right under the homestead or exemption laws.

(d) On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to posses the partnership property for any but a partnership purpose.

(e) A partner's right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin.

178.22 Partner's interest in partnership

A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property.

178.23 Assignment of partner's interest

(1) A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitles the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books ; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.

(2) In the case of a dissolution of the partnership, the assignee is entitled to receive his assignor's interest and may require an account from the date only of the last account agreed to by all the partners.

178.33 Application of partnership property on dissolution

(1) When dissolution is caused in any way, except in contravention of the partnership agreement, each partner, as against his co-partners and all persons claiming through them in respect of their interests in the partnerships, unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners. * * *

material, considers the gain or loss as being from the sale or exchange of a capital asset. Sec. 741, I.R.C. 1954.[4] In enacting section 741 Congress gave recognition to existing decisions which held that the sale of a partnership interest was generally considered to be a sale of a capital asset. H. Rept. No. 1337, 83d Cong., 2d Sess., p. 70, and S. Rept. No. 1622, 83d Cong., 2d Sess., p. 96. These cases also clearly established that a partner's interest in the partnership is his share of the profits and surplus, and that he individually has no interest in the partnership assets except as they might figure in his share of the profits and surplus. See, e.g., *H. R. Smith*, 10 T.C. 398, affd. (C.A. 5) 173 F. 2d 470, certiorari denied 338 U.S. 818; *Allan S. Lehman*, 7 T.C. 1088, affd. 165 F. 2d 383, certiorari denied 334 U.S. 819, and cases cited therein.[5] We therefore think it reasonable to conclude that Congress, in enacting the 1954 Code, used the term "partnership interest" in that sense, namely, that a partnership interest is a partner's interest in profits and surplus. Accordingly, within the meaning of the Code, the petitioner did transfer to the corporation his partnership interest. He transferred all the interest he owned.

While it is true that the transfer of petitioner's partnership interest did not serve to terminate the partnership under State law, it is clear that, since the assignment did effect a transfer of 50 percent of the total interest in the partnership capital and profits, the assignment

---

[4] Sec. 741 provides in part as follows: "In the case of a sale or exchange of an interest in a partnership, gain or loss shall be recognized to the transferor partner. Such gain or loss shall be considered as gain or loss from the sale or exchange of a capital asset, * * *"

It should be noted that there is here no issue in regard to whether or not the non-recognition of gain or loss provisions of sec. 351 of the Code are applicable to the transfer. Nor is there any issue in regard to income earned prior to the time of the assignment.

[5] In affirming the *Lehman* case the Court of Appeals for the Second Circuit stated in part: "* * * in equity and in bankruptcy the chancellors long ago imposed modifications upon the rights and liabilities of partners, as the common-law conceived them; and, while the firm never became a jural person, capable of being sued and of suing as such, in the administration of its affairs it did become for most purposes an entity; and it was upon this traditional structure that Congress fitted the taxation of partnerships, although it levied the income tax upon the separate distributive shares of the partners, whether they were distributed or not.

"The modifications imposed upon the common law were of two kinds: not only were the individual partners not allowed to withdraw firm assets from the firm while the firm business continued; but it was a corollary that individual creditors, unlike firm creditors, were not allowed to levy upon and sell in execution their debtor's—the individual partner's—interest in firm assets. * * * The practical effect of these interpolations into the common law was to impound firm assets and deprive the individual partners of any control over them except in so far as they were dealing with them on behalf of the firm as a unit. The individual partner's beneficial interests as a legal joint owner were trimmed down so that he had nothing left save that the firm assets should be devoted to the firm business, that he should share in any profits they produced and in the surplus upon winding up, whether voluntary or by legal process. We have discussed all this in several tax decisions, and need add nothing to what we said in them. The Uniform Partnership Law codified this congeries of rights and obligations as it had developed; and made no substantial change, when it declared in so many words that 'a partner's interest in the partnership is his share of the profits and surplus.' " [3] [Citing in a footnote the New York Partnership Law.]

did effect a termination of the partnership for Federal tax purposes, pursuant to the provisions of section 708 of the Code and the regulations thereunder.[6] The regulations under section 708 further indicate that upon such a termination the transferee of the partnership interest is to be treated as a partner in a new partnership.[7] It follows that the petitioner was, after the assignment, no longer to be regarded as a partner for Federal income tax purposes, even though for State purposes he remained a partner.

This view finds support in the provisions of section 704(e) of the Code. Although directed primarily toward "family partnerships," that section is broad in its scope and covers a situation such as the instant case which does not involve a "family partnership" (there being involved no members of a family as defined in section 704(e)(3) of the Code). That section provides that a person shall be recognized as a partner if he owns a capital interest in a partnership in which capital is a material income-producing factor. In enacting the predecessor of section 704(e), Congress made it clear that, although "family partnership" situations offer great potential for abuse, recognition must be given the general principle of income taxation that income produced by capital is taxed to the owner of such capital.[8]

---

[6] Sec. 1.708–1(b)(1)(ii), Income Tax Regs., provides in part as follows:

(ii) A partnership shall terminate when 50 percent or more of the total interest in partnership capital and profits is sold or exchanged within a period of 12 consecutive months. * * *

[7] Sec. 1.708–1(b)(1)(iv), Income Tax Regs., provides as follows:

(iv) If a partnership is terminated by a sale or exchange of an interest the following is deemed to occur: The partnership distributes its properties to the purchaser and the other remaining partners in proportion to their respective interests in the partnership properties; and, immediately thereafter, the purchaser and the other remaining partners contribute the properties to a new partnership, either for the continuation of the business or for its dissolution and winding up. * * *

[8] S. Rept. No. 781, 82d Cong., 1st Sess., pp. 38–40, states:

"Section 339 of your committee's bill is intended to harmonize the rules governing interests in the so-called family partnership with those generally applicable to other forms of property or business. Two principles governing attribution of income have long been accepted as basic: (1) income from property is attributable to the owner of the property; (2) income from personal services is attributable to the person rendering the services. There is no reason for applying different principles to partnership income. If an individual makes a bona fide gift of real estate, or of a share of corporate stock, the rent or dividend income is taxable to the donee. Your committee's amendment makes it clear that, however the owner of a partnership interest may have acquired such interest, the income is taxable to the owner, if he is the real owner. * * *

"The amendment leaves the Commissioner and the courts free to inquire in any case whether the donee or purchaser actually owns the interest in the partnership which the transferor purports to have given or sold him. Cases will arise where the gift or sale is a mere sham. Other cases will arise where the transferor retains so many of the incidents of ownership that he will continue to be recognized as a substantial owner of the interest which he purports to have given away, as was held by the Supreme Court in an analogous trust situation involved in the case of *Helvering* v. *Clifford* (309 U.S. 351). * * *

The regulations under section 704(e)[9] define "capital interest in a partnership" as an interest in the assets of the partnership which is distributable to the owner of the capital interest upon his withdrawal from the partnership or upon liquidation of the partnership, but states that the mere right to participate in the earnings and profits is not a capital interest in the partnership. As stated above, the assignment in question, under section 178.23 of the Wisconsin statutes, entitled the corporation to not only the earnings and profits, but also, upon dissolution, to the petitioner's share of surplus, that is, his share of the partnership assets after payment of partnership liabilities. There can be no doubt that capital was a material income-producing factor in the business.[10] Therefore, section 704(e) requires the recognition of the corporation, rather than the petitioner, as a partner for Federal income tax purposes.

In view of the above provisions of the Internal Revenue Code of 1954, we are of the opinion that *Burnet* v. *Leininger, supra*, which arose under prior tax statutes, is not governing in the instant case. Furthermore, it appears that in the *Leininger* case there was not an assignment by the taxpayer of a capital interest in the partnership in which he was a member, as was true here. In *Leininger* it was found only that a written agreement confirmatory of a preexisting oral agreement was entered into between taxpayer and his wife wherein it was acknowledged that taxpayer's wife had been and was a full equal partner with him in his interest in the partnership, entitled to share equally in the profits and obligated to bear equally any losses. The court stated that upon the facts found the agreement amounted to no more than an equitable assignment of one-half of what the taxpayer should receive from the partnership.

---

Footnote continued from previous page.

"Not every restriction upon the complete and unfettered control by the donee of the property donated will be indicative of sham in the transaction. Contractual restrictions may be of the character incident to the normal relationships among partners. Substantial powers may be retained by the transferor as a managing partner or in any other fiduciary capacity which, when considered in the light of all the circumstances, will not indicate any lack of true ownership in the transferee. In weighing the effect of a retention of any power upon the bona fides of a purported gift or sale, a power exercisable for the benefit of others must be distinguished from a power vested in the transferor for his own benefit."

[9] Sec. 1.704–1(e)(1)(v), Income Tax Regs., provides as follows:

(v) *Capital interest in a partnership.* For purposes of section 704(e), a capital interest in a partnership means an interest in the assets of the partnership, which is distributable to the owner of the capital interest upon his withdrawal from the partnership or upon liquidation of the partnership. The mere right to participate in the earnings and profits of a partnership is not a capital interest in the partnership.

[10] Sec. 1.704–1(e)(1)(iv), Income Tax Regs., provides in part that capital is ordinarily a material income-producing factor if the operation of the business requires substantial inventories or a substantial investment in plant, machinery, or other equipment. See also *Fred J. Sperapani*, 42 T.C. 308.

The fact that the petitioner continued to be the nominal partner is not sufficient to subject him to tax on the income from the distributive share held in his name since, as stated above, he had assigned to the corporation his full beneficial interest. See *United States* v. *Atkins*, (C.A. 5) 191 F. 2d 146, rehearing denied 191 F. 2d 951, certiorari denied 343 U.S. 941, in which it was held that, where the taxpayer assigned capital interest in partnerships of which he was a member to a partnership consisting of himself and his son, the taxpayer was not liable for tax upon the income attributable to the interest which he transferred, even though the assignee did not become a member of the original partnerships. In that case the court stated in part:

This is not a case of the taxpayer assigning fees, wages, salaries, or other income, to be earned by him in the future from work to be performed by him in the future. Atco's income resulted from capital invested in operating partnerships, and from the services performed by managing partners. The taxpayer did not assign income from those operating partnerships: he assigned his share, his entire interest in those partnerships to a separate partnership (Atco Investment Company), the members of which firm were engaged in a joint venture. * * *

\* \* \* \* \* \* \*

Appellee was required to make such individual return as to each partnership of which he was a member whether or not distribution was made to him, but not if he retained no beneficial interest in the operating partnerships and was a partner in name only. * * * Though not a member of the operating partnerships, the Atco Investment Company was equitably entitled to receive the entire net income from the appelleee's share in said operating partnerships, because Atco was the beneficial owner thereof, since appellee had not simply assigned income but had assigned his entire equitable interest therein. After this assignment was made, appellee retained only a naked legal title to said share. * * * An equitable interest in a partnership is a vendible asset, the income from which is computable in the same manner and on the same basis as any other property, the legal title to which is in a naked trustee. The partnership return may state the nominal partners only, but the individual return of any such member may disclose additional facts, and if the income from a share in the partnership is ultimately received by the equitable owner thereof, and all income taxes paid thereon by the real beneficiary thereof, the nominal partner is not also liable. * * *

See also *Rupple* v. *Kuhl*, (C.A. 7) 177 F. 2d 823, *Harry Klein*, 18 T.C. 804, and *Wilson* v. *United States*, (N.D.Cal.) 246 F. Supp. 613.

In view of the foregoing, we hold that the respondent erred in holding that the petitioner was taxable upon one-half of the partnership earnings for each of the taxable years 1961 through 1965, and in holding that the petitioner is taxable upon the gain realized upon the sale of the partnership interest in 1965.

*Decisions will be entered under Rule 50.*