WILLIAM G. FINDLEY AND ELLOREE FINDLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Findley v. Commissioner
Docket No. 32281-87
United States Tax Court
T.C. Memo 1991-339; 1991 Tax Ct. Memo LEXIS 388; 62 T.C.M. (CCH) 219; T.C.M. (RIA) 91339; July 25, 1991, Filed *388 Decision will be entered for the respondent except for the concession of the addition to tax under sec. 6653(a). Robert B. Martin, Jr., for the petitioners. Monica Melgarejo, for the respondent. GERBER, Judge. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined the following deficiency in petitioners' 1984 individual Federal income tax and additions to tax: Additions to Tax
Deficiency
Sec. 6653(a)(1)[1]
Sec. 6661
$ 6,865.20
$ 343.26
$ 1,716.30
Respondent further determined that petitioners were liable for an addition to tax under section 6653(a)(2). The issues for our consideration are: (1) Whether payments in liquidation of petitioner husband's accounting partnership interest are taxable to him or to his corporation; or (2) whether petitioner husband's assignment of the payments to his corporation was a sham and should be *389 disregarded for tax purposes; and (3) whether petitioners substantially understated their income tax for 1984 so as to be liable for an addition to tax under section 6661. FINDINGS OF FACT The parties' stipulation of facts and exhibits are incorporated by this reference. At the time they filed their petition, petitioners William G. Findley and Elloree Findley resided in LaCanada/Flintridge, California. They filed a joint individual income tax return for 1984. Petitioner William G. Findley (petitioner or Findley) is a certified public accountant. From 1968 through 1980, petitioner practiced accounting as a partner in the accounting firm of Arthur Young & Company (Arthur Young). He had joined Arthur Young as a junior accountant following his graduation from college. In conducting its operations, Arthur Young utilized a fiscal year ending September 30. Petitioner became a partner on October 1, 1968. Under an October 1, 1979, letter agreement with Arthur Young, petitioner agreed to withdraw as a partner on September 30, 1980. In early 1980, petitioner was hospitalized and subsequently notified Arthur Young's management of his intention to immediately withdraw from the firm. *390 For all practical purposes, as of April 1, 1980, petitioner considered himself to have retired from Arthur Young. He had no intention of performing any further services as a partner in the firm. Arthur Young, however, did not permit petitioner to formally withdraw as a partner until September 30, 1980. Pursuant to Arthur Young's articles of partnership, dated October 1, 1979, petitioner was to receive payments in liquidation of his partnership interest over an 8-year period. The payments were for: (1) The amount of the firm's capital and goodwill attributable to his partnership interest, and (2) the amount of the firm's unbilled time and uncollected fees as of the formal date of his withdrawal attributable to his partnership interest. Additionally, during the 8-year payout period, a special allocation of the firm's profits would be made annually to petitioner. The amount of the allocation would be determined by applying an annual reference bank interest rate to the remaining unpaid amounts due petitioner for his partnership interest. Under the above October 1, 1979, articles of partnership, a partner's right, title, and interest in the partnership ceases upon his withdrawal. *391 The articles of partnership generally provide that neither a withdrawing partner, nor any person or entity claiming by, through, or under him shall have any rights in the business, goodwill, or assets of the partnership. However, a withdrawing partner's right to receive payments in liquidation of his partnership interest is not affected. After notifying Arthur Young in March 1980 of his intention to immediately retire from the firm, petitioner decided to start a consulting business. He then sought the advice of an attorney. The attorney advised petitioner that conducting the consulting business in corporate form would have certain advantages. The following benefits were expected from the use of a corporate form of business: (1) Petitioner would have limited liability and would not be personally liable for claims against the corporation; (2) his insurance need would be less than if he were to conduct the business as a sole proprietorship; and (3) as a corporate employee, petitioner could develop a more generous retirement plan. William G. Findley Consulting, Inc. (Consulting), a California corporation, was incorporated on July 8, 1980. Petitioner and his wife at all relevant *392 times have been Consulting's sole shareholders and its only officers and directors. On July 1, 1980, petitioner executed an assignment agreement in which he attempted to assign all of his right, title, and interest as a partner in Arthur Young to Consulting, in exchange for all of the corporation's shares. The assignment agreement contained a reference to the October 1, 1979, letter agreement wherein petitioner agreed to withdraw as a partner from Arthur Young on September 30, 1980. Arthur Young's articles of partnership required partners to obtain prior written consent from the firm's management committee before the firm would honor the assignment, mortgage, pledge, or hypothecation of such partner's share of the assets or profits of the partnership. Only the firm's management committee was authorized by the articles to admit new partners or to make changes in the interests of partners. As a matter of policy and practice, Arthur Young would not have allowed Consulting to act or function as a partner in carrying on the firm's affairs or business. [2]
*393 Arthur Young's management committee was not notified of the assignment to Consulting. Petitioner was advised by his attorney that it was not necessary to notify Arthur Young of the assignment. The attorney also advised that subsequent payments by Arthur Young in liquidation of the partnership interest would not be taxed to petitioner, but to Consulting. Arthur Young for its fiscal years ending September 30, 1983, through September 30, 1985, distributed amounts to petitioner in liquidation of petitioner's partnership interest. Petitioner would generally deposit the payments received in Consulting's bank account. On some occasions, prior to making a deposit, petitioner would subtract and obtain the cash which the corporation owed him for salary, interest, and other expenses. During 1980 and 1981, Consulting performed services for several clients. It earned approximately $ 5,000 in fees for rendering such consulting services. The corporation performed no consulting services from 1982 through 1984. In 1982, petitioner suffered from angina. He later underwent open-heart surgery and began a lengthy convalescence. In 1983, Consulting acquired a stock ownership interest in a wholesale *394 engine distribution company located in Costa Mesa, California. An equivalent number of shares in the engine distribution company were held directly by petitioner and his wife. On their 1984 individual income tax return, petitioners did not report as income the $ 34,285 distributed during 1984 by Arthur Young. Consulting reported the $ 34,285 as its income on its corporate income tax returns. Respondent determined that petitioners received $ 34,285 of unreported income for 1984 from Arthur Young and that they were liable for additions to tax under section 6653(a) for negligence and under section 6661 for substantial understatement. Respondent has subsequently conceded that petitioners are not liable for additions to tax under section 6653(a). OPINION Respondent argues alternative positions. First he contends that the $ 34,285 of payments made by Arthur Young in liquidation of Findley's partnership interest are taxable to petitioners, rather than to their corporation, under the assignment-of-income doctrine. Alternatively, he argues that the assignment was a sham because petitioner continued to exercise dominion and control over the payments. Petitioners contend that the assignment-of-income *395 doctrine is inapplicable and that Findley validly assigned his rights and interest as a partner to the corporation. We agree with respondent that the payments are taxable to petitioners under the assignment-of-income doctrine. Under the assignment-of-income doctrine, income is taxed to the person who earned it. United States v. Basye, 410 U.S. 441, 450-451, 35 L. Ed. 2d 412, 93 S. Ct. 1080 (1973). This fundamental principle of Federal income taxation was first expressed by the Supreme Court in Lucas v. Earl, 281 U.S. 111, 114-115, 74 L. Ed. 731, 50 S. Ct. 241 (1930), by means of the following rationale: But this case is not to be decided by attenuated subtleties. It turns on the import and reasonable construction of the taxing act. There is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skillfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That seems to us the import of the statute before us and we think that no distinction can be taken according to the motives leading to the arrangement by which the fruits are attributed *396 to a different tree from that on which they grew.
Assignment-of-income doctrine cases often depend upon whether the taxpayer had assigned the right to the income or the entire corpus or property, i.e. the "tree," which produced such income. For example, in Pearce v. Commissioner, 315 U.S. 543, 86 L. Ed. 1016, 62 S. Ct. 754 (1942), the Supreme Court held that a wife, not her former husband, would be taxed on the income from an annuity contract which he had purchased for her in divorce. In reaching this conclusion, it was reasoned that the assignment-of-income doctrine would not apply because the husband had parted not only with his right to receive the income but with the corpus which produced that income. See generally the discussion in Weinberg v. Commissioner, 44 T.C. 233, 242 (1965), affd. in part, revd. in part, and remanded per curiam sub nom. Sugar Daddy, Inc. v. Commissioner, 386 F.2d 836 (9th Cir. 1967). Moreover, the assignment-of-income doctrine may be applied in situations, such as this case, where individuals transfer their rights to future income to corporations under circumstances where they would normally receive tax-free treatment *397 under section 351. In such situations, as observed by the United States Court of Appeals for the Third Circuit in Hempt Brothers, Inc. v. United States, 490 F.2d 1172, 1176-1178 (3d Cir. 1974), there is a conflict between the general nonrecognition provision of section 351 and the assignment-of-income doctrine. The resolution of such conflicts must be based on the factual circumstances presented in each case. In Weinberg v. Commissioner, 44 T.C. at 240-245, we held that the assignment-of-income doctrine applied to an individual who transferred to several newly formed corporations his right to receive the proceeds of crops sold. In holding the individual taxable on the crop proceeds, we reasoned that the transfers represented anticipatory assignments of income already earned. The present case is factually similar to Weinberg v. Commissioner, supra. Petitioner, under an October 1, 1979, letter agreement, had agreed he would withdraw as a partner from Arthur Young on September 30, 1980. Pursuant to Arthur Young's articles of partnership, upon petitioner's withdrawal as a partner, his interest in the firm's assets, *398 business, and goodwill would cease. He would, however, be entitled to receive specified payments in liquidation of his prior interest in the partnership over an 8-year period. In actuality, petitioner merely assigned his right to the liquidation proceeds to Consulting. Prior to the purported July 1980 assignment of his partnership interest to the corporation, petitioner had already agreed to liquidate his partnership interest in Arthur Young. Petitioner was assigning to the corporation the liquidation proceeds. At trial, petitioner acknowledged that he only "contributed a receivable from this partnership to [Consulting]." Additionally, we are not persuaded by petitioners' argument that a different result is required under section 736. Petitioners claim that a partnership interest was transferred to Consulting. They argue that under section 1.736-1(a)(1)(ii), Income Tax Regs., for purposes of subchapter K of the Internal Revenue Code, a retired partner or his successor in interest is treated as a partner until his interest in the partnership has been completely liquidated. Payments subject to section 736 are by definition the proceeds which a withdrawing partner receives in *399 liquidation of his partnership interest. [3] Consulting did not in fact become a partner of Arthur Young and section 736 does not, by operation of law, cause such a result. The reference relied upon by petitioners merely treats the withdrawing partner or his assignee as a partner for purposes of subchapter K, but not for purposes of realization of income. Further, petitioners' reliance on Evans v. Commissioner, 54 T.C. 40 (1970), affd. 447 F.2d 547 (7th Cir. 1971), is misplaced. In Evans, a 50-percent partner surreptitiously assigned his entire interest in a partnership to his solely owned corporation. *400 The partnership continued to carry on its business. This Court noted that for Federal tax purposes, because a 50-percent interest in the partnership had been transferred, a termination of the partnership under section 708 occurred. We then held that the corporation for tax purposes was a partner in a new partnership and would have to report its distributive share of the partnership income and deductions attributable to its interest in the partnership. Subsequent to the transfer, the corporation, and not the transferor, would have to report half of the new partnership's income. The transferor would not be taxed on the partnership income, although for State law purposes he nominally remained a partner because he failed to inform the other 50-percent partner of the transfer. In reaching this holding, we relied on the fact that the corporation had received all of the transferor's interest in the partnership's property, profits, and surplus, not "merely the right to future income." 54 T.C. at 49. The Evans case is distinguishable on its facts. We find the $ 34,285 of payments made by Arthur Young in liquidation of Findley's partnership interest are taxable to *401 petitioner under the assignment -of-income doctrine. As indicated above, petitioner's purported assignment to Consulting represented an assignment of the liquidation proceeds already earned by or due to petitioner. Even if the assignment to the corporation was a transfer otherwise qualifying for nonrecognition treatment under section 351, the assignment-of-income doctrine remains applicable under the circumstances of this case. Unlike the circumstances in Hempt Brothers, Inc. v. United States, supra, petitioner was not effecting a mere change in the form in which he conducted an ongoing business. Petitioner concluded arrangements to terminate his involvement as a partner in Arthur Young prior to the assignment. He merely transferred his right to future liquidation proceeds to the corporation. Because we have decided that petitioner anticipatorily assigned the earned income to his corporation, it is not necessary to address respondent's argument that the corporation was a sham. Section 6661 imposes an addition to tax for substantial understatement of income tax equal to 25 percent of any underpayment attributable to such understatement. In order for *402 an understatement of tax to be considered substantial, the amount must exceed the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). Petitioners contend that no addition to tax under section 6661 should be imposed because under section 6661(b)(2)(B)(i) there was substantial authority supporting their treatment of the liquidation proceeds. This is the sole ground petitioners have raised for avoiding imposition of the section 6661 addition. As indicated, the authorities petitioners cite are materially distinguishable on their facts and do not constitute substantial authority. Antonides v. Commissioner, 91 T.C. 686, 702-704 (1988), affd. 893 F.2d 656 (4th Cir. 1990). In contrast, the authorities cited by respondent against petitioners' treatment of the liquidation proceeds are substantial. Moreover, the amount of the understatement is substantial and exceeds the 10-percent or $ 5,000 threshold of section 6661(b)(1)(A). We find that petitioners are liable for an addition to tax under section 6661 for 1984. To reflect the foregoing, Decision will be entered for the respondent except for the *403 concession of the addition to tax under sec. 6653(a). Footnotes
1. All section references, unless otherwise indicated, are to the Internal Revenue Code as amended and in effect for the taxable year in issue.↩
2. The managing partner of Arthur Young's Los Angeles offices so testified. He explained that the firm conducts its accounting business in all 50 States and that some States do not permit accounting partnerships to have corporate partners.↩
3. As we understand petitioners' argument, they do not contend that sec. 736 or sec. 1.736-1(a)(1)(ii), Income Tax Regs.↩, preempt the application of the assignment-of-income doctrine and require the liquidation payments to be taxed to Consulting as Findley's successor in interest. They simply argue that Consulting became a partner under the language of the statute and regulations.